THE BANK OF THE STATE *vs.* HINCHCLIFFE.

Filing an affidavit, as required by law, constitutes a condition precedent to the right of a party to appeal to this Court.

A paper in the record, purporting to be an affidavit, signed by the party, but with the attestation not signed by any officer authorized to administer an oath, cannot be construed as an affidavit.

*W. Byers*, for the appellee.   Hinchcliffe moved to dismiss this appeal, for want of a legal affidavit, preliminary to taking the appeal.

Fulcher *vs.* Lyon.

*By the Court,* RINGO, C. J.   That the filing of an affidavit, as prescribed by law, constituted a condition precedent to the right of the party to appeal to this Court, in the present case, there can be no doubt; because the statute expressly declares, that, in civil cases, no appeal shall be allowed " from any final judgment or decision of any circuit court," unless the appeal be made during the term at which the judgment or decision complained of was given; and the appellant, or his agent, shall, during the term, file in the Court an affidavit, stating that such appeal is not made for vexation or delay, but because the affiant verily believes that the appellant is aggrieved by the decision or judgment of the Court. *Rev. St. Ark.,* p. 638, *sec.* 141, 142.   In the transcript before us, the clerk has copied a writing purporting to be the affidavit of the attorney of the appellant, containing all the requisites prescribed by law, except the essential one that the individual purporting to make the affidavit, does not appear to have been sworn, or to have made the affidavit before any authority competent to take it.   It is true, that this statement appears immediately under the writing purporting to be an affidavit, "sworn to and subscribed in open Court, Dec. 22d, 1841;" but this attestation is not subscribed or certified, either by the clerk, the judge, or the Court; and therefore it can only be regarded as the mere draft of an affidavit, never sworn to by the person by whom it purports to have been made.   And therefore, as the record shows no affidavit, as required by law, the appeal must be considered as having been previously and illegally granted, and, for this cause, be dismissed.