## Sykes *v*. Lafferry.

APPEALS—*How prosecuted*—Under the Code of Civil Practice, to give this court jurisdiction on appeal, the record should disclose the fact, either that a motion was made for an appeal, during the term at which the final order or judgment was rendered, or that a *formal* application was made to the clerk of the Supreme Court, in term time or vacation, for an appeal and the granting of the same by him.

*Appeal from Johnson County Circuit Court.*

*Clark & Williams*, for appellant.

BENNETT, J.

This is an action on a promissory note for the sum of thirty dollars, originally brought before a justice of the peace, from whose judgment an appeal was taken to the circuit court, where a judgment was rendered, in favor of the defendants, at the September term, 1868. The Code of Practice, by which the courts of the State are now governed, had not then gone into absolute effect. We are at a loss to determine whether the appellant is prosecuting his appeal under the statute, regulating appeals before the adoption of the Code, or under it.

If under the former, this court has no jurisdiction in the case, as he has not complied with the statutory requirements regulating appeals. The old statute declares that the circuit court shall make an order allowing appeals, upon the performance of certain conditions therein specified. In the case of *Berry v. Singer*, *4 Eng. 129*, this court say : "It is the order allowing an appeal, and not the prayer for it, that operates to transfer the jurisdiction from the circuit to the Supreme Court. This being a question of jurisdiction, no presumption can be indulged, so that although the record should affirmatively show every prerequisite had been complied with, yet no jurisdiction could attach, to this court, without an order expressly allowing the appeal." Also, in the case of the *Bank of the State v. Hinchcliff*, *4 Ark. 444*, the court say: "The filing of the affidavit, as required by law, constitutes a condition precedent to the right of a party to appeal." There is nothing to show upon the record, in the case at bar, that there was either an affidavit, prayer for an appeal, or an order of court granting the appeal. If the appellants are seeking to prosecute their appeal under the old practice, it is clear that this court has not acquired jurisdiction.

Under the Code there are two ways in which an appeal may be prosecuted. 1st. By a motion made during the term at which the judgment or final order was rendered. 2d. Upon

application of either party to the clerk of the Supreme Court, in term time or in vacation. *Sec. 859, Title XIX.*

The record does not declare the fact, that there was any motion for an appeal, in the court below, nor that there has been application to the clerk of this court, to grant such an appeal.

True, the papers are marked "Filed Jan. 24, 1870," but that does not constitute an application for an appeal. There should be a formal petition to that effect and a granting of the same by the clerk, in order to invest this court with jurisdiction to hear and determine the case on its merits; therefore, the case is dismissed.

GREGG, J., dissenting.

We are of opinion the substantial requisites for an appeal have been complied with in this case, and that it should have been heard upon the merits and reversed.

Section 859, of the Civil Code of Practice, declares that an appeal shall be granted as a matter of right, either by the court in which the judgment is rendered or by the clerk of this court, in term time or in vacation, on the application of the party demanding such appeal.

In this case, the appellant procured a duly certified transcript from the court below, filed the same in due time with the clerk of this court, and paid the fees necessary to have the case docketed and heard in this court. No summons was necessary; both parties appeared in this court and filed their respective briefs and arguments to the merits, and made no objection to the manner in which the case had been brought into this court. The case being thus submitted, we think this court should not have raised a technical objection. See *Harlin v. Binnie, etc., 22 Ark. 220.* We are of opinion the appellant had done substantially all the law required of him; that no particular words are necessary to be used in asking an appeal of the clerk. No affidavit, or other pre-requisite is required of him, but when he brought a proper transcript, presented it to the clerk for a hear-

ing in this court, and paid the requisite fees, it then became the duty of the clerk to order the appeal and docket the case for a hearing in this court, and if the clerk docketed the case but failed to make any order granting the appeal, it was his fault, not the fault or neglect of the appellant, for which he should be turned out of this court, without having the case heard upon the merits, and especially so when the opposite party does not ask any benefit or advantage in this court, because of any neglect or omission in bringing the case into this court, and by order, the clerk, at any time, before a final disposition of the case, might make an order granting the appeal.