JAMES et al., adm'r., vs. DYER, adm'r. •

APPEAL: *Affidavit, waiver, etc.*

Where, upon an appeal from the Probate to the Circuit Court, the appellee submits to try the cause anew in the Circuit Court, without moving to dismiss for want of an affidavit for appeal, the failure to file such affidavit is thereby waived.

APPEAL from *Saline* Circuit Court.

Hon. J. M. SMITH, Circuit Judge.

*Gallagher & Newton,* for appellant.

*Howard, contra.*

ENGLISH, CH. J.:

Jesse James, as administrator of Given Dyer, deceased, made his fifth annual settlement before the Probate Court of Saline County, showing a balance of assets in his hands unadministered, amounting to $451.57, consisting in part of notes taken, on the approval of the court, for rent of land of deceased. After the confirmation of this settlement, he died, and Lucinda James and William James became his administrators, and James M. Dyer succeeded him as administrator *de bonis non* of Given Dyer.

The administrators of James applied to the Probate Court to make a final settlement of his administration upon Dyer's estate, and to turn over to the administrator *de bonis non* the rent notes, etc., and claiming a balance against the estate for moneys paid out by James after his last settlement.

The matter was heard before the Probate Court on objections to the proposed settlement interposed by Dyer, as administrator *de bonis non*, in July, 1875, and the court required him to receive the rent notes, and found a balance due from the estate to James of $85.10.

Dyer, administrator *de bonis non*, prayed an appeal to the Circuit Court, which was granted, "upon his compliance with the law in that behalf made and provided," says the record.

It seems that he filed no appeal affidavit.

At the September term of the Circuit Court, 1875, the parties appeared, and the cause was submitted to the court to be tried *de novo*, and the court found that Dyer, administrator *de bonis non*, was not obliged to accept the rent notes, etc., and that James was not entitled to credit for them, and rendered judgment accordingly.

The record states that the administrators of James filed a motion for a new trial, which was overruled, and they excepted and appealed to this court.

There is no motion for a new trial in the transcript. Nor is there any bill of exceptions. We are, therefore, not advised as to the grounds of the motion for a new trial, nor upon what evidence the court below tried the cause. No question of law is properly reserved, and brought here for review.

The counsel for appellants submit that the Circuit Court should have dismissed the appeal from the Probate Court because Dyer filed no appeal affidavit, and that for this error the judgment should be reversed, and the cause remanded with instructions to the Circuit Court to dismiss the appeal.

Had appellants moved in the Circuit Court to dismiss the appeal from the Probate Court, and had the motion been overruled, we would review the decision.

We think, however, that by submitting to try the cause anew in the Circuit Court, without moving to dismiss for want of an appeal affidavit, the omission was waived. *Wilson* v. *Dean*, 1 Ark., 308; *Perkins, adm'r.*, v. *Du Val, adm'r., ante.*

The judgment is affirmed.