SANFORD VS SWIFT & CO.

Opinion delivered Sept. 26, 1907.

(104 S. W. Rep. 846).

1. *Appeal—Affidavit—Estoppel.*

In a case where an appeal is taken without an affidavit being filed that the appeal is taken for the sake of justice and not for delay, the opponent by the withdrawal of a motion to dismiss the appeal and asking that the case be tried on its merits is estopped from raising the point of no jurisdiction because no affidavit was filed.

Appeal from the United States Court for the Central District of the Indian Territory; before Justice T. C. Humphrey, March 10, 1905.

Action by Swift & Co. against J. M. Sanford. From a judgment for plaintiff, defendant appeals. Affirmed.

*Williams & Utterback,* for appellant.

*T. B. Wilkins* and *W. H. Ritchey,* for appellee.

LAWRENCE, J. The appellee, a corporation, engaged in furnishing meat supplies and the manufactured products of meat, on October 11, 1899, appointed appellant its agent to

.sell same on commission, under specific and detailed instructions given in writing to, and accepted by, appellant; the sixth of which is: "You agree to account to us for weights shipped, .and no claim for shortage is to be allowed by us, unless after careful investigation we find that error was made." The ninth ·of which is: "You are to handle all goods without any expense whatever to Swift & Co. beyond the commission herein named." The sixteenth of which is: "We will pay you the following commissions: 3 per cent. on canned goods; 2½ per ·cent. on all other products." Appellee began an action against .appellant in the United States Commissioner's Court March 7, 1901, in which it claimed that appellant had failed to account to it for the sum of $51.17, value of goods furnished, and filed .an itemized statement of the account covering the deficit. Appellee denies, by formal answer filed, this claim, and as .affirmative defense pleads accord and satisfaction and a counter-·claim of $70 paid for use and benefit of appellee as taxes and incumbrances, and $10 for freight, at its special instance and request. On the trial before the commissioner judgment was rendered for appellant for costs December 6, 1901. January ·6, 1902, appellee gave notice of appeal, and filed affidavit of good faith. The transcript of the proceedings before the ·commissioner was filed in the District Court at Atoka, and in that court, on February 4, 1902, appellant filed motion to .dismiss the appeal, and on the 18th day of ·October, 1902 the motin to dismiss appeal was withdrawn. At the February, term, 1903, by agreement of parties, the cause was transferred to Durant, and was there tried to a jury, which returned a verdict for this appellee in the sum of $65.28, and thereupon this appellant filed his motion for new trial, setting forth seven grounds therefor: First, that the verdict was not sustained by the evidence; second, that the verdict is contrary to the law; third, the instruction of court to jury to return verdict in favor of the plaintiff for the amount sued for and for 6 per

cent. interest thereon; fourth, the refusal of court to instruct the jury as follows: "The jury are instructed by the court if they believe the evidence they will find the issues in favor of defendant;" fifth, the court had no jurisdiction to try the case; sixth, the court had no jurisdiction of the subject-matter; seventh, the court had no jurisdiction of the cause. This motion was overruled, and judgment was entered upon the verdict.

The appellant appeals and assigns errors, repeating the grounds set forth in the motion for new trial, with the additional error of the court in overruling the motion for new trial. Appellant, in his printed argument, reduces the assignment of errors to two points: The jurisdiction of the District Court to hear and determine the case, and its instruction to the jury to return a verdict for this appellee for the full amount of its claim, with 6 per cent. interest per annum. In support of the first he asserts that the filing within 30 days after judgment of the affidavit required by the following provisions of the statute is jurisdictional. The provision is as follows: "No appeal shall be allowed unless the following requirements shall be complied with: First. The applicant, or some person for him, shall make and file with the justice (commissioner) an affidavit that the appeal is not taken for the purpose of delay, but that justice may be done him." The decision of Bank vs Hinchcliffe, 4 Ark. 445, cited by counsel, construing this statute favorable to appellant's view, appears to have been overruled by the Supreme Court of Arkansas in the case of Wilson vs Dean, 10 Ark. 308, which holds: "The doctrine we have laid down in this case conflicts in principle, as we conceive, with Browdie et al vs Whitfield, 7 Ark. 515, where the court dismissed the case because no affidavit for appeal was in fact made, although the records show that the parties in these cases entered their consent of record that the appeal might be granted without the affidavit as required by law." The case

of James et al vs Dyer, 31 Ark. 489, is to the same effect in holding that this affidavit of good faith required was waived by the parties going to trial upon the merits. The withdrawing of the motion to dismiss by the appellant, and stipulation to transfer the case to Durant, and then trying it upon its merits, estops the appellant from now raising the point of no jurisdiction for want of the affidavit. Moreover, it appears from the record that an affidavit in due form was filed January 6th; but, as it is claimed that it was thereby 1 day beyond the 30 days' limit provided by the statute, it is of no force and effect.

The further contention of the appellant that the court erred in instructing the jury to return a verdict for the appellee under the evidence is not well taken. This involves the construction of the contract of employment. It scarcely appears from reading it that there is any ground for suspecting room for misapprehension of its meaning. It expressly provides that appellant shall account to appellee "for weights shipped, and no claim for shortage is to be allowed by us, unless after careful investigation we find that error was made. * * * You are to handle and sell all goods without any expense whatever to Swift & Company, beyond the commission hereinafter named. * * * We will pay you the following commissions: 3 per cent. on canned goods; 2½ per cent. on all other products." There is no evidence appearing that there was any special instance and request from appellee that appellant should pay for taxes or freight, as is alleged in his answer. It was proved, and in no way disputed, that the shortage in appellant's account amounted to the sum alleged to be due appellee. This condition of the case left nothing for the District Court to do but direct a verdict for the appellee.

The errors assigned are without merit.

The judgment is affirmed.

GILL, C. J., and TOWNSEND, J., concur. CLAYTON, J., not participating.