## STRICKLIN *v.* GALLOWAY.

### Opinion delivered April 24, 1911.

1.  ADMINISTRATION—CONCLUSIVENESS OF SETTLEMENT.—Kirby's Digest, § 140, making the confirmation of settlement of an executor or administrator conclusive except in the chancery court upon allegations of fraud, does not mean that such confirmation is conclusive when an appeal is taken.   (Page 59.)

2.  SAME—CONFIRMATION OF SETTLEMENT—RIGHT TO APPEAL.—Under act of May 31, 1909, any heir, devisee, legatee or judgment creditor of an estate pending in the probate court may at any time within six months appeal from a judgment of the probate court confirming an executor's settlement, whether he had previously made himself a party or not and whether he had filed any exceptions to such settlement or not.   (Page 59.)

3.  COURTS—APPEAL FROM PROBATE COURT—WAIVER OF OBJECTION—The insufficiency of an affidavit and bond for appeal from the probate court was waived where the other party appeared in the circuit court and took substantive steps in the case before expiration of the time for appeal and waited until the expiration of that time before moving to dismiss.   (Page 60.)

4.  SAME—PROBATE COURT—MOTION TO DISMISS APPEAL.—To take advantage of an alleged insufficiency of an affidavit for appeal and of an omission to give bond on appeal from a judgment of the probate court, a timely motion to dismiss must be made where delay in making the motion operated to the prejudice of the other party.   (Page 61.)

Appeal from Pulaski Circuit Court, Second Division; *F. Guy Fulk,* Judge; reversed.

*James A. Comer* and *John McClure,* for appellants.

1.   A motion to dismiss an appeal must be made, if at all, at or before the time the party making it enters his appearance. If not then made, the motion will be treated as waived.   10 Ark. 308; 25 Ark. 87; 31 Ark. 489; 33 Ill. App. 631; 66 Ill. 102; 26 Neb. 65; 44 O. St. 329; 111 Ind. 225; 7 Cush. (Mass.) 521; 69 Ill. 281; 61 Ind. 465.

2.   One who, under the law, is entitled to file exceptions to an executor's account in the probate court can prosecute an appeal even if he fails to appear and file exceptions.   Sections 140 and 141, Kirby's Digest, are not in force, having been repealed; but if not they are unconstitutional.   Ch. 3, Civil Code, § 465; Ch. x, *Id.,* § § 514, 847, 857; *Id.* § 19; Rev. St. § § 97, 98; 5 Ark. 508; *Id.* 365; Rev. St. § § 1348, 1349, 1350-1; Kirby's Dig. § § 1348 to 1351; 63 Ark. 148; 52 *Id.* 284; 58 *Id.* 309; Const. § 35; 76 Ark. 191; *27 Id.* 441; 5 *Id.* 50; 32 *Id.* 145; 33 *Id.* 820.

3.   The affidavit for an appeal may be made by an attorney. Kirby's Dig. § 1348.

4.   The law does not require a bond when an appeal is prosecuted from the probate court to the circuit court from the judgment confirming the account of an executor.   Kirby's Dig. § § 1349, 1350.   Since the act of May 31, 1909, no bond is necessary on appeal.   An appeal is allowed from all judgments or orders confirming an executor's account.   Kirby's Dig. § 133; Code, § 514; 14 Ark. 125; 16 *Id.* 480; 38 *Id.* 181; 36 *Id.* 396; 47 *Id.* 412; 68 *Id.* 493; 89 *Id.* 554; 28 *Id.* 478; 68 *Id.* 492; Kirby's Dig. § 1348 as amended by act May 31, 1909; 58 Ark. 121; Freeman on Judg. § 91.

*George L. Basham* and *Rose, Hemingway, Cantrell & Loughborough,* for appellee.

No right of appeal existed because (1) no exceptions were filed; (2) no affidavit for appeal was filed except by an attorney who is not authorized by law to do so; and (3) no bond was given as required.   Kirby's Dig. § 1348 as amended Acts 1909, p. 956; *Ib.* § § 140, 141; Amendments Civil Code, pp. 1, 36. 37. Ch. 10, Civil Code, was never constitutionally enacted.   27 Ark.

274; 38 *Id.* 86; 45 *Id.* 41, 48; 52 *Id.* 142. Sections 140-1 have been upheld in 25 Ark. 471; 92 *Id.* 230. No affidavit for appeal was filed. 69 Ark. 285; 5 Ark. 32; 27 *Id.* 599, 602; 21 *Id.* 93; 65 *Id.* 419. The bond was necessary. 69 Ark. 285; 40 Tex. 465; 21 Mich. 160; 141 Mass. 218; 133 *Id.* 464; 68 Cal. 343; 24 Pac. 320; 14 Ore. 37; 92 Ill. 187.

McCulloch, C. J. Appellants are heirs at law of Elizabeth Shall, deceased, and attempted to appeal from a judgment of the probate court of Pulaski County confirming an account current of the executor of the estate of said decedent. Said judgment of confirmation was rendered December 31, 1909, and, on May 5, 1910, appellants, through their attorney, presented to the probate court an affidavit for appeal to the circuit court, and the appeal was granted. Transcript of the proceedings was filed in the office of the circuit court clerk on May 28, 1910, and the case was set down for hearing by the court on June 11th, on which day the parties appeared and proceeded with the presentation to the court, but the court made an order postponing the trial until the next term. On November 3, 1910, appellee filed motion to dismiss the appeal, which motion was sustained, and the appeal was dismissed.

It is insisted by appellee that the appeal was properly dismissed by the circuit court on two grounds, namely: 1. That appellants had not filed exceptions in the probate court to the account of the executor as authorized by statute. 2. That the affidavit for appeal was made by appellant's attorney, which it is claimed is not authorized by statute, and that no appeal bond was filed.

Learned counsel for appellee, in support of the first ground for dismissing the appeal, rely on the following statute:

"Any person interested as heir, legatee or creditor may file exceptions to such account, or any item thereof, on or before the second day of the term of said court to which such account may be continued; and, if exceptions are not filed within the time specified, such account shall be examined and confirmed as hereinbefore provided, and such account, when confirmed, shall never thereafter be subject to investigation, unless in a court of chancery upon the allegation of fraud in the settlement of such

account, supported by the affidavit of the party making such allegation." Section 140, Kirby's Digest.

This section was a part of the chapter on administration in the Revised Statutes, and it will be observed that it does not relate to appeals from judgments confirming or disapproving accounts of executors and administrators. Another section of the same chapter regulates appeals from judgments of probate courts. Formerly, heirs, legatees and creditors could not, without having filed exceptions to the account current of the executor or administrator, appeal from a judgment of the probate court confirming it. This for the reason that they were not privy to the record and were not "the party aggrieved" within the meaning of the statute regulating appeals from probate courts. Kirby's Digest, § 1348; *Johnson* v. *Williams,* 28 Ark. 478; *Arnett* v. *Mc-Cain,* 47 Ark. 411; *Scott* v. *Penn,* 68 Ark. 492; *Hall* v. *Rutherford,* 89 Ark. 554.

So far as section 140 is concerned, it makes the confirmation of the account, either with or without exceptions having been filed, forever conclusive, except in a court of chancery, upon proper allegations of fraud in the settlement; but it does not mean that a judgment from which an appeal is properly taken is conclusive. On appeal from the probate court, the account goes to the circuit court for hearing *de novo,* and the circuit court renders such judgment as it finds the probate court should have rendered. As already pointed out, section 140 does not relate to appeals at all, and its only effect is to give heirs, legatees and creditors the right to file exceptions to the account current, and to require the probate court to examine the account, whether exceptions are filed or not, and to declare a judgment of confirmation to be conclusive unless attacked for fraud in the chancery court. The General Assembly of 1909 enacted a statute which worked a very material change in the law relating to appeals from judgments and orders of probate courts. It amended section 1348, Kirby's Digest, by adding the following:

"And any heir, devisee, legatee or judgment creditor of an estate, who feels aggrieved, may, at any time within six months after the rendition thereof, prosecute an appeal to the circuit court from any final order of [or] judgment of the probate court, by filing an affidavit and prayer for appeal with the clerk of the

probate court, together with a bond to pay the costs of the appeal
if the judgment of the probate court is affirmed, and, upon the
filing of such affidavit and [bond] for cost to be approved by the
clerk, the court shall make an order granting the appeal at the
term at which said judgment or final order shall be rendered or
at any term within six months thereafter. And any such heir,
legatee, devisee or judgment creditor of an estate may likewise,
upon executing bond for costs, prosecute an appeal to the Su-
preme Court from the circuit court." Act May 31, 1909.

Now, if the amended statute means anything at all, it means
that "any heir, devisee, legatee or judgment creditor of an estate"
can appeal from a judgment of the probate court within six
months after its rendition, whether previously made a party to
the proceedings or not. Doubtless, the lawmakers were prompted
by the decision of this court in *Hall* v. *Rutherford, supra,* which
was rendered March 15, 1909, to enact the statute, and it was for
the purpose of changing the law as therein announced. That
decision, and the ones previously rendered by this court to the
same effect, relate to judgments other than confirmations of ac-
counts of executors and administrators, but the same rule must
be applied to judgments of that kind as where no exceptions have
been filed, and the language of the amended statute clearly evinces
the intention to give heirs, devisees, legatees and creditors of an
estate the right to appeal from *any* final order or judgment of
the probate court, whether they had previously made themselves
parties or not. Another evidence of that intention is the fact
that the time for taking appeal is shortened to six months. We
are therefore of the opinion that appellants had the right to pros-
ecute an appeal from the judgment of confirmation. It was the
duty of the probate court, without exceptions having been filed,
to examine the account and correct any errors found in it, and
it became the duty of the circuit court on this appeal to do the
same.

We do not deem it necessary to decide whether, under the
amended statute, the affidavit for appeal can be made by an agent
or attorney. The alleged insufficiency of the affidavit, and the
failure to give bond, were waived by the appearance of appellee
in the circuit court and taking substantive steps in the case before
the expiration of the time for appeal, and by waiting until after

expiration of that time before moving to dismiss. *Wilson* v. *Dean,* 10 Ark. 308; *James* v. *Dyer,* 31 Ark. 489; *Walker* v. *Noll,* 92 Ark. 148; *Crenshaw* v. *Bradley,* 52 Ark. 318; Ex parte *Morton,* 69 Ark. 48.

In the cases cited above the court held that the appellee's failure to move for a dismissal on account of the appellant not having filed the requisite affidavit and bond within the time specified operated as a waiver of the requirement, which was for the protection and benefit of the appellee. It follows, too, that a timely motion to dismiss is necessary in order to take advantage of that omission, where delay in making the motion operates to the prejudice of the appellant.

The circuit court erred in dismissing the appeal.

Reversed and remanded for further proceedings.