### STRICKLIN *v.* GALLOWAY.

#### Opinion delivered February 5, 1912.

ADMINISTRATION—WHEN COSTS INCURRED BY EXECUTOR.—Where heirs filed exceptions to an executor's settlement, the executor does not represent the estate in the contest over the approval of his accounts, but represents himself, and the costs incurred by him are recoverable from him individually.

Appeal from Pulaski Circuit Court; *F. Guy Fulk*, Judge; motion to quash execution overruled.

*James A. Comer* and *John McClure*, for appellants.

The contest in the circuit court was not between the *estate* of Elizabeth S. Shall, deceased, and the devisees under her will, but between these devisees and the executor over the question whether certain credits claimed by him in his accounts of settlement were legal and proper charges against decedent's estate. The error of the circuit court in dismissing the appeal from the probate court was invited by the executor, and this caused the appeal to the Supreme Court. It was purely a personal controversy between the devisees and the executor, in which the latter failed, and he should pay the costs, not the estate. 74 Ark. 171; 3 Ark. 272; 38 Ala. 687; 28 Ind. App. 340; 4 Fla. 411; 24 Ala. 302; 14 L. R. A. 696; 16 Mass. 531; 45 Mo. App. 620; 41 N. Y. 322.

*J. F. Loughborough*, for appellee.

Execution can not issue against an executor. 51 Ark. 361-366; 55 Ark. 310; 64 Ark. 355.

PER CURIAM. The appellee, D. F. S. Galloway, moves the court to quash an execution issued against him by the clerk of this court for the collection of costs of appeal adjudged against him on reversal in the case of *Stricklin* v. *Galloway*, 99 Ark. 56. He was the executor of the estate of Elizabeth Shall, and the appellants, as heirs, filed exceptions to his settlement account in the probate court. They appealed to the circuit court, and there, on motion of appellee, the appeal was dis-

missed, and they appealed to this court, where the cause was reversed and remanded with instructions to overrule the motion to dismiss, and for further proceedings. The costs of the appeal were adjudged against the appellee. His contention now is that he appeared in the proceedings in his representative capacity, and was not personally responsible for costs. He is mistaken in his contention with reference to the position he occupies in the controversy. It is not to be doubted that, where an executor or administrator represents the estate in litigation brought by or against him as such representative, he is not personally liable for costs incurred in the proceedings. But in this proceeding he did not act as the representative of the estate; he acted in his individual capacity in resisting the attack made upon his settlement account by the heirs who excepted thereto. When he presented his account to the probate court for adjustment, any distributee of the estate had the right to file exceptions thereto; and when that was done, it raised an issue between the executor, on the one hand, and the distributee who excepted to the account, on the other hand. The losing party to that controversy should pay the costs, and in no event should the costs be adjudged against the estate. In such a controversy the executor or administrator does not represent the estate. The authorities cited by counsel for appellants in their brief sustain this view. The same principle was announced by this court in *Adamson* v. *Parker*, 74 Ark. 171, though the question arose in a somewhat different way. Appellee, in resisting the attack upon his settlement account, improperly moved for a dismissal of the appeal to the circuit court, and thereby caused that court to commit the error and caused the appeal to this court, which was the only way in which the error could be corrected. Appellants were entitled to their costs incurred on the appeal, and the same can not be adjudged against the estate, but were properly awarded against appellee, who was responsible for the error. The petition to quash the execution is therefore denied.

HART, J., dissents.