## WULFF *v.* CLAIBOURNE.

### Opinion delivered March 17, 1913.

1. APPEAL—JUDGMENT OF COUNTY COURT.—When a judgment is rendered by the county court, and an appeal taken and granted on the same day, but the order granting the appeal was not entered. *Held*, the omission to enter the order did not affect the validity of the appeal. (Page 329.)

2. APPEAL—DISCRETION OF CIRCUIT JUDGE.—Under Act No. 279, of the Acts of 1909, a land owner is granted the right of appeal from an order of the county court, assessing his land for taxes within twenty days after judgment, and when the land owner prays and is granted an appeal, but does not lodge the transcript in the circuit court for one year after the allowance of the appeal, it is within the discretion of the court to determine whether it will permit appellant to prosecute its appeal. (Page 329.)

3. APPEAL AND ERROR—DRAINAGE DISTRICTS—ASSESSED BENEFITS—FINDING OF COURT.—The finding of the circuit court as to the amount of benefit that should be assessed against appellee's land, if supported by a preponderance of the testimony, will not be disturbed on appeal. (Page 329.)

4. APPEAL AND ERROR—JUDGMENTS—AMENDMENTS.—Where the county court, by an order *nunc pro tunc*, grants an appeal, and the question that notice was not given to the party against whom it was sought was not raised in the circuit court, it is too late to raise the question on appeal to the Supreme Court. (Page 329.)

Appeal from Arkansas Circuit Court; *Eugene Lankford,* Judge; affirmed.

#### STATEMENT BY THE COURT.

Appellee filed in the county court of Arkansas county, his petition excepting to the assessment of benefits made by the commissioners of appellant drainage district, upon certain of his lands situated within the

district, describing them, and setting out the amount of
the assessments, all of which he alleged were excessive,
illegal and entirely without authority of law; that the
lands could receive no benefit whatever from the pro-
posed drain and should not be assessed in any amount.
He alleged that the drain, if constructed, would damage
him to the amount of $2,000; prayed that the assessment
be vacated and for damages.   Upon a hearing in the
county court on July 20, 1911, it confirmed the assess-
ments, as made by the commissioners and rendered judg-
ment thereon.   On the same day, Claibourne filed a mo-
tion and affidavit and prayer for appeal from the judg-
ment of the court rendered on the hearing of his petition
in the cause, alleging that the appeal was not taken for
vexation, or delay, but because he verily believed him-
self to be injured by the judgment rendered herein and
that justice may be done.   No order granting the appeal
was entered of record, but on an adjourned day of the
January term, 1912, of the county court, the court entered
a *nunc pro tunc* order, granting the appeal as of that date,
July 20, 1911.   The transcript was lodged in the circuit
court on the 3rd day of April, 1912, the third day of
the term.   On the 20th day of May, an adjourned day of
the April term, 1912, appellant filed its motion to dismiss
the appeal, alleging numerous grounds therefor, among
the number that the affidavit and motion were insufficient,
that the order granting the appeal was not made on July
20, 1911, nor until March 30, 1912, when it was entered
*nunc pro tunc* and that the appeal was not perfected
within the time required by law, the transcript not being
lodged in the circuit court until the 3rd day of April,
1912, and that a regular term of the circuit court held in
November, 1911, had intervened between the time of the
praying for the appeal and the lodging of the transcript
of the record in the circuit court, which was done more
than six months after the rendition of the judgment
in the county court.   The court heard the testimony of
W. N. Carpenter, attorney for appellee, relative to the
cause of the delay of the prosecution of the appeal and

overruled the motion to dismiss. Appellants thereupon demurred to the petition of Neil Claibourne, alleging that there was a misjoinder of causes of action and that no bond had been taken nor offered upon the taking of the appeal, which was also overruled.

The court heard the testimony of the witnesses and set aside the assessment made by the county court and fixed assessments against and taxed the lands of appellee at different amounts, specifying them in the judgment and divided the costs between appellee and the drainage district and from this judgment, this appeal comes.

· *J. M. Brice,* for appellant.

1. Being a special act, the statute must be fully complied with, and nothing will be taken by intendment. In order to give the county court jurisdiction to grant an appeal, and the circuit court jurisdiction to entertain it, ·the affidavit must show that the party praying the appeal is a property owner in the district. Act 279, Acts . 1909, § 7; 104 Ark. 113.

The affidavit must also state the grounds or matters wherein he is aggrieved. Section 9 of the Act is not in conflict with section 1428, Kirby's Digest, except as to the time for appealing, and the remaining portion of the last named statute must be complied with in order to confer jurisdiction upon the circuit court. *Id.;* 116 S. W. (Mo.) 549.

2. The *nunc pro tunc* order by the county court granting an appeal is void. Such an order can be granted only after notice of the intended application therefor, and for the purpose of entering an order that was actually made and not entered. Kirby's Dig. §§ 4432, 4423; 84 Ark. 100-6; 87 Ark. 438; 92 Ark. 299; 93 Ark. 234. It will not be made where the delay was not occasioned by the court but by the neglect or mistake of the party seeking the order. 1 Wall. (U. S.) 627; I Demarest (N. Y.) 63.

3. In order to invest the circuit court with jurisdiction, the order granting the appeal must be made or

entered of record either by the court or the circuit clerk
and the transcript lodged in the office of the circuit clerk
within six months from the rendition of the judgment by
the county court.   Kirby's Dig. §§ 1489, 1490; 95 Ark.
148; 92 Ark. 148; 65 Ark. 419; 45 Ark. 397; 6 Am. &
Eng. Ann. Cases, 946.

4.   The case should be reversed on the testimony.
Where there is substantial testimony that the property
receives benefits from the improvement, the assessment
will stand.   98 Ark. 543; 78 Ark. 580; 99 Ark. 100; 82
Ark. 75; 81 Ark. 80.   Neither the fact that the lands
are overflowed from the back water at certain seasons,
nor that lands are high and above overflow, exempt them
from such assessments.   78 Ark. 580; 99 Ark. 100.

*W. N. Carpenter* for appellee.

The Act of 1909 does not contemplate that the ap-
peal shall be *perfected* within twenty days, but that it
be prayed for and granted within that time, and then
perfected with reasonable diligence.   Since the special
statute did not prescribe the remaining steps to be taken
in perfecting the appeal, the general statute governs.
Kirby's Dig. § 1489.   Appellee will not be held respon-
sible for the omission of the clerk to comply with this
statute.   The proceeding by *nunc por tunc* order was
the correct practice.   43 Ark. 33.   Appellants will not
be heard to raise in this court for the first time the
question of notice.

KIRBY, J. (after stating the facts).   It is insisted that
the court erred in not dismissing the appeal from the
county court and that the *nunc pro tunc* order made by
that court granting the appeal was void, and conferred
no jurisdiction upon the circuit court.

An order *nunc pro tunc* was entered March 30, 1912,
granting the appeal as of the date the judgment was
rendered, from which the appeal was taken and the affi-
davit and prayer therefor filed, and no question was
made below that notice of the application therefor, was
not given to the party against whom it was sought,
and it is too late to raise it here for the first time.   The

law under which the district was organized, Act 279 of the Acts of the Assembly, 1909, and amendatory acts, allows an owner of real property within the district, who conceives himself to be aggrieved by the assessments of benefits against his land to present his complaint to the coutny court at its first regular, adjourned or special session thereafter, which shall consider the same and enter its finding thereon, confirming the assessment, or increasing or diminishing the same, which finding shall have the force and effect of a judgment, from which an appeal may be taken within twenty days by either the property owner or the commissioners of the disstrict. Sec. 7, Act 1909.

Section 9 of the act provides: That the remedy against such assessments of taxes shall be by appeal and that such appeal shall be taken within twenty days from the time that said assessment has been made by the county court and on such appeal the presumption shall be in favor of the legality of the tax.

The affidavit and prayer for appeal was filed on the day the county court rendered its judgment confirming the assessment against appellee's land and an order granting the appeal was, in fact, made, although the clerk omitted to enter it of record, and it was entered *nunc pro tunc* on March 30, 1912, thereafter. The appeal, however, was taken and granted on the same day the judgment was rendered, and the omission to enter the judgment on that day did not affect its validity. *Ex Parte Morton,* 69 Ark. 48. Although this is a special act the terms of which must be fully complied with in proceedings under it, it is neither cumulative nor amendatory of the other drainage laws in force at the time of its passage but is expressly declared to be an alternative system and its provisions relative to procedure on appeal from judgments of the county court are different from those of section 1428 of Kirby's Digest which are not required to be complied with in taking an appeal under the provisions of the act.

Under the general law, relating to appeals from the

county court, six months after the determination of the judgment or order appealed from is given in which to appeal, and the clerk is required to transmit all the original papers and the transcript of the record entries in the cause or matter to the clerk of the circuit court and all appeals granted ten days before the commencement of the term of the circuit court next after they are allowed, shall be tried and determined at such term, unless continued for cause. The transcript in the instant case was not lodged in the circuit court until a year after the allowance of the appeal and it was within the discretion of that court to determine whether it would permit appellant to prosecute its appeal on account of the lack of diligence and the court determined the question in favor of appellee and refused to dismiss the appeal on that account, and we find no abuse of discretion in its having done so.

A good deal of testimony was heard, relative to the situation of the lands, and the location of the drain or ditch and the benefits to the land, by reason of its construction, which was to some extent conflicting, and the court determined from it what amount of benefit should be assessed and entered judgment accordingly and we think its findings are supported by the preponderance of the testimony.

Fnding no prejudicial error in the record, the judgment is affirmed.