WULFF v. DAVIS.

Opinion delivered May 19, 1913.

APPEAL FROM COUNTY COURT—AFFIDAVIT.—Where, in an appeal from the county court, the appellee failed to file an affidavit for appeal until four days after the appeal was granted, and the appellant did not raise the question in the circuit court, the filing of the affidavit will be *held* to have been waived by reason of the appellant's appearing and taking substantive steps without moving to dismiss the appeal on that ground.

Appeal from Arkansas Circuit Court; *Eugene Lankford,* Judge; affirmed.

*J. M. Brice,* for appellant.
*W. A. Carpenter,* for appellee.

McCULLOCH, C. J. This is a companion case to *Wulff* v. *Claibourne,* 107 Ark. 325, 155 S. W. 497, and every point now raised is concluded by the decision in that case, except the one that the appeal from the county court should have been dismissed because the affidavit

for appeal was not filed until four days after the appeal was granted by the county court. That question was not, however, raised in the circuit court, and can not be raised here for the first time. Appellant filed a motion in the circuit court to dismiss the appellee's appeal from the county court, and assigned numerous grounds for dismissal, but did not raise any question as to failure to file an affidavit before the order was made granting the appeal. The first time this was referred to was in the motion for new trial filed several days after the final judgment of the circuit court was rendered upon the merits of the cause.

The filing of an affidavit was a prerequisite (*Walker* v. *Noll*, 92 Ark. 148), but was waived by appellant's appearing and taking substantive steps without moving to dismiss the appeal on that ground. Ex parte *Morton*, 69 Ark. 48; *Stricklin* v. *Galloway*, 99 Ark. 56.

The judgment of the circuit court is therefore affirmed.