Ruby WORLEY *v.* RIVER OAKS WATER
IMPROVEMENT DISTRICT No. 48 of Garland County

CA 98-1126                                    990 S.W.2d 562

Court of Appeals of Arkansas
Division I
Opinion delivered April 28, 1999

*Appellant,* pro se.

*Owen, Farnell & Garner,* by: *Ray Owen, Jr.,* for appellee.

JOHN E. JENNINGS, Judge. Ruby Worley brings this appeal
from the circuit court's order dismissing her appeal from
county court because she neglected to file the affidavit required by
Ark. Code Ann. § 16-67-201(c) (1987). Appellant raises two
issues on appeal. First she contends that the appellee waived the
affidavit requirement. Second she argues that the appeal was
nonetheless perfected because the circuit clerk accepted the record

and her payment of filing fees. We find merit in the first issue raised and reverse and remand for trial.

By order of January 2, 1998, the county court approved the formation of the River Oaks Water Improvement District, the appellee. Appellant, proceeding pro se because her attorney had died, filed a timely notice of appeal from that decision. The appeal was lodged in the Garland County Chancery Court. On March 16, 1998, counsel for appellee wrote the court asking for an expedited hearing on the ground that the case concerned a matter of public interest. On March 26, appellant filed a pleading objecting to appellee's request, and she made demand for a jury trial based on her understanding that the appeal to "circuit court" was de novo. On April 3, the court granted appellee's request for an expedited hearing and scheduled it for April 24. On April 21, appellant filed a motion in which she questioned the jurisdiction of the chancery court and asked for the case to be transferred to circuit court. On the day of the hearing, appellee filed a motion to dismiss the appeal in which it argued that dismissal was appropriate because the chancery court lacked jurisdiction and because appellant's notice of appeal failed "to state with specificity any points of Appeal and thus is defective and the appeal should be dismissed." By order of April 24, the chancellor transferred the appeal to circuit court.

On April 27, 1998, appellee filed a motion to dismiss the appeal in the circuit court on the ground that appellant had failed to file the affidavit required under Ark. Code Ann. § 16-67-201(c) (1987). Appellant responded to the motion arguing that appellee had waived this requirement. After a brief hearing, the trial court granted appellee's motion to dismiss by order dated May 26, 1998, holding that the filing of the affidavit was a jurisdictional requirement. Appellant filed a motion for reconsideration in which she argued that the appeal was perfected without the affidavit because the record and fees had been accepted by the circuit clerk. The court denied appellant's motion, and this appeal followed.

Arkansas Code Annotated section 16-67-201(a) (1987) provides that appeals from county court shall be granted as a mat-

ter of right to the circuit court "by the party aggrieved filing an affidavit and prayer for an appeal with the clerk of the court in which the appeal is taken." Subsection (c) of the statute provides that the aggrieved party "shall swear in the affidavit that the appeal is taken because the appellant verily believes that he is aggrieved and is not taken for vexation, or delay, but that justice may be done him." Early case law provided that the filing of the appeal affidavit was a jurisdictional prerequisite. *Town v. Wilson,* 7 Ark. 386 (1846); *McJenkin v. State Bank,* 7 Ark. 232 (1846); *Bank of the State v. Hinchcliffe,* 4 Ark. 444 (1842). The court subsequently took a different view and held that the affidavit was not a jurisdictional requirement in that its filing was for the sole benefit of the opposing party and could be waived. *Stricklin v. Galloway,* 99 Ark. 56, 137 S.W. 804 (1911); *Elder v. Crabtree,* 59 Ark. 177, 26 S.W. 817 (1894); *Wilson v. Dean,* 10 Ark. 308 (1849). *Cf. Moore v. Mears,* 273 Ark. 411, 619 S.W.2d 662 (1981). Such a waiver occurs when the opposing party appears and takes substantive steps in the matter without moving to dismiss the appeal on that ground. *Tuggle v. Tribble,* 173 Ark. 392, 292 S.W. 1020 (1927); *Wulff v. Davis,* 108 Ark. 291, 157 S.W. 384 (1913).

■ Here, appellee asked for and received an expedited hearing and filed a motion to dismiss for reasons other than appellant's failure to file the affidavit. Under these circumstances, we hold that appellee waived this requirement and that the trial court erred in dismissing the appeal. Because we reverse on this point, it is not necessary for us to address appellant's second argument.

Reversed and remanded.

ROGERS and GRIFFEN, JJ., agree.