CRENSHAW V. BRADLEY.

1. APPEAL: *From justice's court: Affidavit: Waiver.*
   Where no motion is made in the Circuit Court to dismiss an appeal from a justice's court for want of an affidavit for appeal, the objection cannot be raised in the Supreme Court.

2. EVIDENCE:  *Burden of proof.*

In replevin where the defendant, without denying the plaintiff's title to the property sued for, claims the right to its possession under an agreement with the plaintiff that he should sell it and out of the proceeds pay an account which the plaintiff owed him, the burden is on him to establish the defense thus alleged.

APPEAL from *Desha* Circuit Court.

JOHN A. WILLIAMS, Judge.

Bradley brought an action of replevin in a justice's court against Crenshaw, for three bales of cotton. The judgment of the justice was in favor of the defendant and the plaintiff prayed an appeal, which was granted without any affidavit therefor having been filed. In the Circuit Court no motion was made to dismiss the appeal, and in a trial had there the verdict and judgment were for the plaintiff, and the defendant appealed.

*W. S. McCain*, for appellant.

1   An affidavit is an essential pre-requisite in an appeal from a Justice of the Peace. *Mansf. Dig., sec. 4135; 19 Ark., 647; 44 id., 482; 2 id., 85; 4 id., 65; 5 id., 406; 7 id., 182; 11 id., 302; ib., 664.*

2.   The court erred in instructing the jury that the burden was on defendant to prove the delivery of the cotton. There was no dispute about the delivery. The *purpose*, or rather the *authority to detain* it was the real issue.

3.   A landlord has a lien for supplies (*Acts 1885*), as well as rent, and if the crops come into his hands, *by whatever means*, the landlord can hold them until his claim is paid. *45 Ark., 447; 37 id., 43; 36 id., 527; 33 id., 707.* Applying the rule in *30 Ark., 745*, there was still a balance due appellant for supplies.

PER CURIAM.   The appellant having failed to move the Circuit Court to dismiss the appeal for want of an affidavit for appeal, cannot be heard to raise the objection here. *Wilson v. Dean, 10 Ark., 309; James v. Dyer, 31 Ark., 489.*

APPEALS: Waiver.

There was no proof that the defendant held the cotton as security for payment of a lien upon it, as counsel argues. **Burden of proof.** Without denying the plaintiff's title, he undertook to prove that he held the cotton by virtue of an agreement made with the plaintiff to the effect that he should sell it, and out of the proceeds pay the residue of an account which he claimed the plaintiff owed him. The court properly instructed the jury that the burden was on the defendant to prove the defense thus alleged. Nothing else is complained of.

Affirm.