## NUNNALLY v. BECKER.

1. WITNESSES : *Competency of parties*: *Transaction with intestate.*

In a proceeding against an administrator to obtain the allowance of a claim against the estate of his intestate, for money alleged to have been converted by the latter, testimony of the plaintiff to the effect that he delivered to the decedent a box containing the money, to be deposited in his safe, is not admissible for the reason that it relates to a " transaction" with the intestate within the meaning of the Constitution, which provides that " in actions by or against * * * administrators, * * * neither party shall be allowed to testify against the other, as to any transactions with or statements of the * * * intestate. * * * (*Sched. Const., sec. 2.*)

2. SAME : *Same.*

Nor is the plaintiff in such case a competent witness to prove that the box was in the safe, if his knowledge of that fact was derived solely from the transaction between himself and the defendant's intestate.

APPEAL from *Lee* Circuit Court.

M. T. SANDERS, Judge.

Becker, as administrator of M. Kohn, deceased, appealed from a judgment of the Probate Court, allowing a claim

against the estate of his intestate in favor of Nunnally. The claim was for money alleged to have been deposited with the deceased and converted by him to his own use. On the trial in the Circuit Court, Nunnally, after showing that he was postmaster at Marianna on the 8th day of February, 1886, and kept his office in the store-house of the deceased, testified as follows:

"On the evening of that day, after business hours, as was my usual custom, I took the postoffice funds on hand, amounting to $183, in a small wooden box in which I always kept the funds, and carried them to defendant's intestate to be locked up for safe keeping during the night in his iron safe; and I was standing within a few feet of said intestate when I saw him place said box of funds in said iron safe. The box containing the funds was locked, and I kept the key. The safe was an old-fashioned one, and was locked by means of a key which said intestate always carried with him. There was no other key to the safe that I know of. After the funds were placed in the safe I went home. The next morning before breakfast said Kohn came to my house and informed me that his safe had been burglarized the night before, and its contents stolen. I immediately went to the postoffice, and on my arrival there found quite a crowd of citizens who had gathered on the announcement of the alleged burglary. I found on the counter in the store the wooden box in which the funds were kept, and the box was open and the funds were missing; and Kohn stated that he found the box on the sidewalk that morning while on the way from his residence to the store. The iron safe showed no signs whatever of violence. Neither door nor windows of the storehouse showed any signs of a forcible entry. Kohn kept the postoffice funds in his safe at night without charge therefor. A few days after said alleged burglary, said intestate bought from me a postoffice money order, and in paying for it I instantly recognized some peculiarly marked silver money which was a part of the $183 deposited

in the safe on the night of the alleged burglary, and I called said intestate's attention to it at the time. He answered me evasively and in a somewhat offended manner, and went back down the store." This testimony having been objected to by the defendant, was excluded from the jury, and no other evidence having been offered in support of the claim, the verdict was for the defendant. The plaintiff appealed.

Section 2 of the schedule to the Constitution is as follows:

" In civil actions no witness shall be excluded because he is a party to the suit or interested in the issue to be tried. *Provided,* That in actions by or against executors, administrators or guardians, in which judgment may be rendered for or against them, neither party shall be allowed to testify against the other as to any transactions with or statements of the testator, intestate or ward, unless called to testify thereto by the opposite party."    *    *    *

*James P. Brown,* for appellant.

The *personal knowledge* of appellant, that on the night of the burglary, he had funds to the amount of $183.57 in the safe of appellee's intestate, is not a "transaction" with said intestate, within the meaning of the proviso to sec. 2, schedule to Constitution, 1874. *26 Ark., 476; 37 id., 195; 46 id., 306; 27 N. W. Rep., 356; 26 Wis., 686; 43 id., 221; 26 N. W. Rep., 58; 25 id., 467; 1 Gr. Ev., secs. 348, 350; 96 U. S., 37.*

*McCulloch & McCulloch,* for appellee.

The court properly excluded the testimony. *Sec. 2, schedule Const.; 26 Ark., 476; 46 id., 306; 32 id., 337; 51 id., 401; 22 Fla., 501; 35 Hun., 198; 18 N. E. Rep., 373; 63 N. H., 344; 44 id., 370; 47 id., 462; 12 S. W. Rep., 684; 3 N. W. Rep., 392; 6 Fed. Rep., 119; 11 S. W. Rep., 428; 12 id., 606; 2 Pickle, 161; 34 Mich., 523; 4 N. W. Rep., 628; 15 id., 259; 39 id., 103; 5 S. W. Rep., 749.*

Nunnally v. Becker.

PER CURIAM. The proffered testimony of the appellant to the effect that he had delivered to the defendant's intestate a box of money to be deposited in his safe, was a "transaction" with the intestate, within the meaning of the proviso to sec. 2 of the schedule to the Constitution and inadmissible for that reason. The witness' knowledge that the box was in the safe was not competent evidence because it was derived solely from the transaction between the parties.

The distinction contended for by the appellant's counsel seems to be sustained by the case of *Tisdale v. Maxwell, 58 Ala., 40,* where a witness who was incompetent to prove the delivery of a horse to a person who had since died, was held to be competent to prove the fact of the possession of the horse subsequent to the delivery; but the facts of this case prevent the application of that rule for the reason stated, viz.: the knowledge of the witness to the effect that the box was in the safe was a part of the transaction with the deceased.

It may be admitted that the appellant was a competent witness to prove the contents of the box under the common law rule announced in *U. S. v. Clark, 96 U. S., 37;* but the testimony was incompetent until the foundation was laid by competent evidence tending to prove that the deceased had received the box and converted its contents. There. was no testimony offered outside of the incompetent testimony of the appellant, to prove these facts, and he was not, therefore, prejudiced by the exclusion of the testimony.

Affirm.

<div style="margin-note">WITNESSES: Competency of parties: "Transaction" with intestate.</div>