LITTLE RIVER COUNTY v. JOYNER.

Opinion delivered January 14, 1893.

*Practice on appeal—Objection to jurisdiction.*

Where, on appeal from a judgment of the county court, the objection was not raised in the circuit court that the judgment was not entered of record in the county court, the objection will be deemed to have been waived in the circuit court, and will not be entertained in the Supreme Court on appeal.

Appeal from Little River Circuit Court.

WILL P. FEAZELL, Judge.

*J. C. Head* for appellant.

1. No appeal lies except from a final order or judgment. Mansf. Dig. sec. 1496 ; 39 Ark. 82. Where there is no judgment there can be no appeal. 26 Ark. 59. If the judgment was written on the warrant and it was lost, the judgment should have been supplied. Mansf. Dig. secs. 5347, 5357.

2. The circuit court obtained no jurisdiction because the transcript showed no judgment or order of the county court.

*L. A. Byrne* for appellee.

1. The endorsement of disallowance on the warrant was a final judgment.

2. The circuit court tries appeals from the county court *de novo,* and the only question is, did the county court have jurisdiction? Mansf. Dig. sec. 1441 ; 34 Ark. 240 ; 33 *id.* 308.

3. The appeal and filing the original papers gave the circuit court jurisdiction, and it could proceed without a transcript of the record. 51 Ark. 344 ; 52 *id.* 502.

4. The proof of publication of the order calling in the warrants was invalid, and as the warrant was not

presented it was not barred.    Mansf. Dig. secs. 1148, 4359 ; 51 Ark. 34.

5.    There is no bill of exceptions, and the only question presented is that of jurisdiction.    38 Ark. 216; 30 *id.* 583`; 35 *id.* 536.

HUGHES, J.    Upon appeal from the judgment of the county court refusing to allow for cancellation and re-issue a warrant of the appellant county, the circuit court for the county adjudged the warrant valid and made the following finding of facts, and rendered the following judgment thereon:    '' That no legal notice was made and published of the order and judgment of the county court of Little River county, made at its April term, 1889, calling in the county scrip or warrants of said county for examination, re-issue and cancellation, and that the order and judgment of said county court, made on the 29th day of July, 1889, barring the piece of scrip in question is null and void for want of legal notice, and that said piece of scrip, in law, is not barred ; that the original of said warrant was filed at the January term, 1891, of the Little River county court, and, in obedience to an order of said county court calling in the warrants of said county for examination, re-issue and cancellation, and upon examination by said county court, a judgment in writing was entered upon the back of said original warrant disallowing the same, and signed by the judge of said county, and the said warrant was left on file in the clerk's office, and that no other judgment was entered of record ; and that said original warrant, with the endorsement thereon, is mislaid, lost or destroyed, so that the original cannot be produced.    The court further finds that the said warrant of the plaintiff, put in issue in this case, is a valid and subsisting debt and obligation against the defendant county, and that the order and judgment of the county court, made at its January term, 1891,

rejecting and disallowing said warrant is erroneous, and that the plaintiff is entitled to recover in this case.

"It is therefore considered, ordered and adjudged by the court in this case that the warrant in question, to-wit :   Warrant No. 235 for the sum of one thousand dollars, executed by the defendant, and made payable to R. S. Chaytor or bearer, is valid, and a subsisting obligation of said county, and that the plaintiff do have and recover from the defendant said warrant."

There appears a motion for a new trial in the transcript, but the motion is not brought upon the records through the bill of exceptions, by copy, reference or otherwise.

The only ground for reversal insisted upon here is that the judgment of the county court refusing to allow the warrant, and to cancel and re-issue a warrant or warrants in lieu of it, was not entered of record, and that no record of the judgment of the county court appears in the transcript.   This objection was not made in the circuit court, and is made here, for the first time. The contention is that the circuit court had no jurisdiction.

It is not denied that the county court had jurisdiction, and that it rendered a judgment disallowing the warrant.   The filing of the affidavit and prayer for an appeal, as required by the statute, and the transfer of the papers in the case to the circuit court gave that court jurisdiction.

The validity of a judgment is not affected by failure to enter it of record.   An execution may be issued upon a judgment not entered of record.   An appeal from a judgment of the county court must be taken within six months from the rendition of the judgment, and cannot be taken thereafter.

If the objection that the judgment of the county court had not been entered of record had been made in

the circuit court, the appellee could have had the judgment entered of record in the county court, and could have brought it to the circuit court. But no such objection was made in the county court, and it is made for the first time in this court.

We are of opinion therefore that the objection was waived by the county in the circuit court, and ought not to be entertained here.

Judgment affirmed.

COCKRILL, C. J., and MANSFIELD, J., concur.

HEMINGWAY, J., dissenting.

I do not concur in the views expressed in the opinion delivered in this cause, nor in the judgment rendered; but am of opinion that the judgment of the circuit court should be reversed, and the cause remanded to it with directions to dismiss the appeal from the county court, unless it be made to appear by the record of the latter court that it rendered a final judgment.

The judges agree that a final judgment in the county court is a pre-requisite to the exercise of appellate jurisdiction by the circuit court; and the difference arises as to the manner in which such final judgment must be made to appear. The majority hold that it may be shown by evidence *aliunde* the record of the county court, while my opinion is that it can be shown only by such record.

Judgments of the county court are required to be entered of record, and the transcript filed upon appeal to the circuit court is required to embrace all its record entries. The record of the county court imports absolute verity, and a correct transcript of such record is the evidence which the law provides for the guidance of the circuit court upon appeal. If the record imports verity— and of the correctness of this principle I understand no question to be made—its effect must be to establish the

rendition of any judgment it discloses and the non-rendition of all judgments it does not disclose. There can be no difference in principle between the admission of proof to establish that a different judgment was rendered from that appearing of record and its admission to prove that a judgment was rendered when the record discloses none. The absence of a judgment in the latter case as strongly imports that none was rendered, as the disclosure of one in the former imports that it and no other was rendered.

In this case, the record in the county court disclosed no judgment, and, although the record was defective in this respect, the law gives to it the force of absolute and unimpeachable verity, so long as it is not corrected in an appropriate proceeding begun in the county court for that purpose, and incontrovertibly negatives the rendition of an undisclosed judgment. If the transcript did not reflect the record, the circuit court was competent to have the error corrected ; but if the record did not reflect the court's action, it could be corrected only by proceeding in the county court, and after the record was there corrected the transcript could be corrected in the circuit court to conform to it. But so long as the record of the county court stood as it was, it was conclusive as to the proceedings had—as well of what was not done as of what was done—and the circuit court could not, for the purpose of exercising appellate jurisdiction, hear evidence to contradict, add to, or take from, its import.

I understand it to be agreed among the judges that the records of the county court import absolute verity as to its doings, and the same rule applies to the circuit court ; yet the affirmance of the judgment in this case presents this condition: By the record of the county court, which imports absolute verity, it appears that this cause was instituted in it and has never been disposed of by it ; but by the record of the circuit court,

which imports similar verity, it appears that the cause was instituted in the county court and there determined. The result of the affirmance is that the circuit court is allowed to contradict by its record the legal import of the record of the county court as to the doings of the latter, and this court sanctions the practice upon the ground that the circuit court prosecuted its inquiry without objection from the party now complaining.

But, as I understand the origin of the rule, it had no reference to the interests of the particular parties, and was designed to serve more important purposes, affecting the general welfare and the dignity and usefulness of courts. If such be its reason, its abrogation can not be justified by the action or non-action of parties, but it should be enforced by the courts in the maintenance of their own dignity and to preserve confidence and respect for their records.

Judge Battle concurs in the views indicated by me.