EX PARTE MORTON.

Opinion delivered December 22, 1900.

1. JUDGMENT OF COUNTY COURT—APPEAL.—Under Sand. & H., Dig., § 1270, providing that "when appeals [from judgments of the county court] are prosecuted in the circuit court or supreme court, the judge of the county court shall defend the same," the county judge may appeal from a judgment of the circuit court reversing an order of the county court refusing to make an order prohibiting the sale of liquor within three miles of a designated place, though neither the county nor the county judge was a party to the proceedings in the circuit court. (Page 51.)

2. LIQUORS—THREE-MILE LAW—PARTIES.—On appeal to the circuit court from an order of the county court refusing to make an order prohibiting the sale of liquor within three miles of a designated place, it was not an error to refuse to make the county a party. (Page 51.)

3. APPEALS—WAIVER OF AFFIDAVIT.—Where a county judge, entitled to defend an order made by him on appeal, failed to move the circuit court to dismiss the appeal for want of an affidavit, it is too late to make the objection in the supreme court. (Page 51.)

4. SAME—FINAL ORDER.—An indorsement of the words, "Ignored entirely," on a petition for an order prohibiting the sale of intoxicating liquors within a certain territory will be treated as a final order refusing the petition. (Page 51.)

5. SAME—NECESSITY OF ENTRY OF JUDGMENT.—Under Sand. & H. Dig., § 1264, providing that "appeals shall be granted from all final orders and judgments of the county court at any time within six months after the rendition of the same," it is not essential that the judgment be entered of record before an appeal is taken. (Page 51.)

6. SAME—FAILURE TO RECORD JUDGMENT—WAIVER.—The objection that an appeal to the circuit from the county court was taken before the judgment appealed from was entered of record is waived by failure to object in the circuit court. (Page 52.)

Appeal from Cleburne Circuit Court.

E. G. MITCHELL, Judge.

STATEMENT BY THE COURT.

S. J. Morton and other adult inhabitants residing within three miles of the Heber High School building, on the 1st January, 1900, filed a petition asking the county court of Cleburne county to make an order prohibiting the sale of intoxicating liquors within three miles of said school house. The county judge made the following indorsement on the petition: "Ignored entirely." P. C. Menees, County Judge, January 1, 1900." Thereupon the petitioners prayed an appeal to the circuit court. The petition came on for hearing before the circuit court, and the prayer of the petition was granted, and an order made forbidding the sale of intoxicating liquors within the territory named. The record then recites that thereupon the county judge of the county asked that the county be made a party, which request the circuit court refused. To

S C—4

which refusal the county excepted, and prayed an appeal to the supreme court, which was granted.

*J. M. Brice,* for appellant.

The county should have been a party, and the application for same should be made to the county judge. Sand. & H. Dig. § 1270; 60 Ark. 516. The county judge is the judge of the interests of the county. 43 Ark. 361. "Ignored entirely," written on the back of the petition by the county judge, is not a final appealable order. 26 Ark. 468; 36 Ark. 200; 19 S. W. 571; 12 Am. & Eng. Enc. Law (1st Ed.), 63; 2 Am. & Eng. Enc. Pl. & Pr. 72; 34 Ark. 117. If there is a judgment, the same must be entered of record as a prerequisite to an appeal. 61 Miss. 228; 24 Ala. 284; 81 Mo. 455; 57 Ark. 585. The petitioner's remedy was by *mandamus.* 17 S. W. 249; 43 Ark. 62. The circuit court had no jurisdiction of the case, as no affidavit for an appeal was made. Sand. & H. Dig. § 1264; 51 Ark. 344; 65 Ark. 419; 19 Ark. 647; 10 Ark. 308; 11 Ark. 665.

*Marshall & Coffman,* for appellants.

28 Ark. 478 and 52 Ark. 99 have no application here. Sec. 1270, Sand. & H. Dig., applies to appeals to the supreme court. 60 Ark. 516; 30 Ark. 478; 53 Ark. 287. Supersedeas should be granted in behalf of the county as an independent proceeding. 55 Ark. 200; 52 *ib.* 213; 45 *ib.* 219; 9 Cent. Dic. 1802; 3 Ark. 532; 1 Ark. 201; 3 *ib.* 63; 3 *ib.* 532; 5 *ib.* 390, 405, 563; 12 *ib.* 84, 87; 10 *ib.* 197; 41 *ib.* 601; 6 *ib.* 280. The county should have been a party. 51 Ark. 159; 40 L. R. A. 417; 2 Cent. Dig. Col. 2651. The statement of the clerk cannot be used to contradict the record. 5 Ark. 478; 31 *ib.* 725; 9 *ib.* 375; 24 *ib.* 142. Appeal lies only from final order. 12 Ark. 670; 26 Ib. 468; § 1264, Sand. & H. Dig.; 55 Am. Dec. 783; 2 Cent. Dig. Col. 1187, 1413. Filing paper and transcript necessary to give jurisdiction. 5 Ark. 474; 9 *ib.* 469; 11 *ib.* 639, 665; 16 *ib.* 485; 24 *ib.* 282. The order of the county court should have been spread upon the record. 40 Ark. 290; 53 Ark. 238.

RIDDICK, J., (after stating the facts). We are of the opinion that the county judge had the right to appeal from the order of the circuit court rendered in this case. Our statute provides that when appeals from the orders and judgments of a county court are prosecuted in the circuit or supreme court, the judge of the county

court shall defend the same. Sand. & H. Dig., § 1270. This, as heretofore decided, includes the right to take an appeal. *Ouachita County* v. *Rolland,* 60 Ark. 516, 31 S. W. 144. Nor do we think it was necessary that either the county or the county judge should be made a party to the proceedings in the circuit court, in order to exercise this right. The circuit judge did not err in refusing to make the county a party, but the county judge still had the right to appeal by virtue of the statute, and the motion to dismiss the appeal must therefore be overruled.

The first contention on the appeal is that the circuit court had no jurisdiction of the case, for the reason that the county court did not make any order in the case that could be appealed from, and also for the reason that the record does not show that any affidavit for appeal was filed.

As to the affidavit, we said that the county judge had the right to defend his order on the appeal to the circuit court, without being formally made a party to the proceeding. As he failed to move the circuit court to dismiss the appeal for want of an affidavit, it is too late to make the objection in this court. *Crenshaw* v. *Bradley,* 52 Ark. 318; *James* v. *Dyer,* 31 *ib.* 489; *Wilson* v. *Dean,* 10 *ib.* 309.

It seems to me somewhat doubtful as to whether the county judge made a final order in the case. He endorsed on the petition the words, "Ignored entirely." The ordinary meaning of these words would be that he refused to take notice of it or to consider it, but a different meaning is sometimes given the word "ignore" in law. One meaning of this word, as defined in Webster's dictionary, is to throw out or reject as false or ungrounded, as is said of a bill rejected by the grand jury. We have concluded that this is the sense in which it was used by the county judge. He, in other words, refused the prayer of petitioners, and rejected the petition.

But it is said that if he rejected the petition the order was never placed of record, and the appeal to the circuit court was premature. Our statute provides that appeals shall be granted to the circuit court from all final orders and judgments of the county court at any time within six months after rendition of the same. Sand. & H. Dig. § 1264. A distinction is made between the rendition of the judgment and its entry, and it is not absolutely essential, under this statute, that the judgment should be entered of record before an appeal is taken. *Little River County* v. *Joyner,*

57 Ark. 185; *Gray* v. *Palmer,* 28 Cal. 416; *Peck* v. *Courtis,* 31 Cal. 208; *Anderson* v. *Mitchell,* 58 Ind. 592.   The order of the county court should have been placed of record, but, no objection having been made on this ground in the circuit court, it is too late to make such objection now.

The evidence before the circuit court on the hearing not having been brought up, and, finding no error, the judgment is affirmed.