CHATFIELD *v.* JARRATT.

Opinion delivered June 16, 1913.

1. APPEALS—MUST BE TAKEN, WHEN.—Under Kirby's Digest, § 1199, which provides that an appeal or writ of error shall not be granted except within one year next after the rendition of the judgment, order or decree sought to be reviewed, unless the party applying therefor was an infant, the time begins to run from the date of the rendition of the judgment or decree, and not from the date of the entry of the judgment. (Page 526.)

2. APPEALS—NECESSITY OF ENTRY OF JUDGMENT.—After the rendition of a judgment, the case is at an end so far as the successful party is concerned, and it is not essential to the enforcement of the judgment that it should be entered of record. (Page 526.)

3. ABATEMENT AND REVIVAL—JURISDICTION—RIGHTS OF PARTIES IN ESTATE.—When a plaintiff who succeeded in the litigation died before the entry of the judgment, the chancery court had no jurisdiction to revive the cause, but those who succeeded to the

rights of the plaintiff had the right to move the court to make an order for the entry of the judgment as of the true date of its rendition. (Page 526.)

4. APPEAL AND ERROR—REVIVOR.—When a successful plaintiff died after a judgment had been rendered in his favor, but before it had been entered, the only procedure for the losing party to pursue was to appeal within the time prescribed by the statute and move, in the Supreme Court, for a revivor. (Page 527.)

Appeal from Lee Chancery Court; *R. D. Smith,* Special Chancellor; appeal dismissed.

*R. E. Wiley,* for appellant.

1. After the death of a party to a suit while the case is under advisement, the court may enter its judgment *nunc pro tunc,* but the entry can not properly be made until a proper revivor and substitution of parties is had. 73 Pac. 813; 17 Ark. 100, 105; 20 Ark. 336; 23 Ark. 18; 34 Ark. 300; 72 Ark. 185; 40 Ark. 224; 75 Ark. 12; 85 Ark. 334; Kirby's Dig., § § 4432, 6265, 6266.

2. The motion for revivor was in time. The case could not be appealed to this court until final judgment had been entered in the chancery court. Until the judgment roll was made up in the trial court no copy thereof could be had to incorporate in the transcript of the record required by statute. Until the judgment is entered the time within which an appeal must be taken does not begin to run. Elliott on Appellate Procedure, § 118; Black on Judgments (2 ed.), § 106, p. 151; *Id.* § 110, p. 157; 35 Neb. 761, 763; 92 N. W. 294; 40 Neb. 740; 38 L. R. A. 243; 107 N. W. 753; 9 Minn. 318, 350; 20 Minn. 559; 36 Minn. 117; 24 How. Pr. (N. Y.), 193; 60 N. Y. 112; 95 N. Y. 542; 68 N. Y. S. 777; 114 N. Y. S. 792; 71 O. St. 50; 105 Tenn. 521; 15 N. J. Eq. 398; 39 N. J. Eq. 230; 125 Ia. 335; 54 W. Va. 581; 206 Pa. 91; 11 La. Ann. 181; 80 S. W. (Ky.) 823; 1 Wall. 690; 6 Wall. 153.

*F. N. Burke* and *H. F. Roleson,* for appellee.

The right of appeal existed at once when the decree was rendered in November, 1911, and appellant's time

commenced to run from that date. 57 Ark. 185; 69 Ark. 48; Kirby's Dig., § 1199.

The chancery court had no further control over the case after the expiration of the term. 36 Ark. 513.

No revivor was necessary in order to put the decree of record nor to make the record speak the truth as to the date of rendition of the decree. No correction of the decree was asked. 13 Ark. 654; 54 Ark. 551, 552; Kirby's Dig., § 6176; 54 Cal. 519.

PER CURIAM. This action involves the title to real estate. John R. Jarratt filed his petition in the chancery court of Lee County to confirm his title to the tract of land in controversy, and appellant intervened, claiming title to the land and objecting to confirmation.

The cause was prosecuted as an adversary proceeding, and resulted in a decree in favor of plaintiff, which was rendered on November 21, 1911, a day of the November term, 1911, of said court. The clerk failed to enter the decree upon the record until the next March term of court, but entered it on March 20, 1912.

Appellant filed with the clerk of this court on March 3, 1913, a transcript of the record, and prayed an appeal which was granted by the clerk, and on March 10 suggested the death of John R. Jarratt and moved that the cause be revived in the name of his widow and heirs at law.

It appears that John R. Jarratt died on January 1, 1912, which was more than one year before the motion to revive was filed.

On May 8, 1913, the chancery court of Lee County, on motion of the widow and heirs of John R. Jarratt, made an order directing the entry of said decree as of November 21, 1911, the true date of its rendition. This order was made upon notice to appellant, who was present by attorney.

The case is presented now on motion to revive, and the question also arises whether the appeal was taken in time to give this court jurisdiction.

The statute provides that "an appeal or writ of error shall not be granted except within one year next after the rendition of the judgment, order or decree sought to be reviewed, unless the party applying therefor was an infant," etc.   Kirby's Digest, § 1199.

The question presented, therefore, is whether the time for appeal runs from the date of the rendition of the judgment or the date of its entry.

Counsel for appellant cites in his brief numerous authorities holding that the time for appeal runs from the date of the entry of the judgment and not from the date of its rendition.

It may be conceded that the weight of authority is on that side of the question; but there are authorities holding to the contrary, and our court has already taken a position on the side which holds that, under a statute providing for appeal within a given time after the rendition of the judgment, the time begins to run from that date, and not from the date of the entry.   Ex parte *Morton*, 69 Ark. 48.   We think that view is undoubtedly correct, for the language of the statute is plain.   There is a well-defined distinction between the rendition or pronouncement of a judgment and the entry thereof upon the record, and the law-makers have seen fit to give a certain time running from the date of the rendition of the judgment.

In California the statute was the same as our statute on the subject, and the courts of that State held that the time for appeal ran from the date of the rendition of the judgment.   The California cases were cited with approval by Judge RIDDICK in delivering the opinion in the case of Ex parte *Morton, supra.*

We are thus committed to that rule.

It is argued that the rule ought to be otherwise, for the reason that it is necessary to present to this court a transcript of the judgment or decree appealed from in order to give the court jurisdiction and that that can not be done until the judgment is entered.

If we concede that reasoning to be sound, still it does not help that view of the question.   The law-makers

have prescribed a certain time within which to take an appeal and perfect it, and it is the duty of the appellant to take all necessary steps to perfect the record within that time which was deemed sufficient by the law-makers for that purpose. If the judgment or decree has been omitted from the record, it is within the rights of the losing party to move for an entry of it, and it is his duty to do so if he desires to appeal from it. It devolves upon him to take whatever steps are necessary to perfect his appeal.

It is further insisted that the chancery court should not have made an order for a *nunc pro tunc* entry until the cause had been revived in the name of the widow and heirs.

After the rendition of the judgment the case was at an end so far as the successful party was concerned, and it was not essential to the enforcement of the judgment that it should be entered of record. Ex parte *Morton, supra.* The chancery court had no jurisdiction to revive the cause after it was ended, but those who succeeded to the rights of the plaintiff, that is to say, his privies in estate, had the right to move the court to make an order for the entry of the judgment as of the true date of its rendition. The only way for the losing party to proceed was to appeal within the time prescribed by statute and move here for a revivor. *Temple* v. *Culp,* 105 Ark. 222.

It follows, therefore, that the appeal was not taken within the time prescribed and that this court has no jurisdiction of the cause, and the appeal is hereby dismissed.