FREE *v.* MAXWELL.

Opinion delivered May 19, 1919.

1.  APPEAL AND ERROR—REVIEW—PRESUMPTION.—Where the record does not affirmatively show to the contrary, it will be presumed on appeal that the trial court's findings are sustained by the evidence.

2.  COURTS — APPEAL FROM PROBATE COURT — WAIVER OF AFFIDAVIT.— Failure to file an affidavit for appeal from the probate court was waived where the other party proceeds to the trial in the circuit court without objection on that account.

3.  COSTS—BOND ON APPEAL.—Where a bond for costs was executed by appellant on appeal from the probate court to the circuit court, it was unnecessary to give an additional bond on appeal to the Supreme Court.

4.  EXECUTORS AND ADMINISTRATORS — CLAIMS OF EXECUTOR.—Kirby's Digest, section 109, providing that the probate may allow any claim in favor of an administrator against the estate of his intestate, is broad enough to include equitable demands.

5.  HUSBAND AND WIFE—CLAIMS AGAINST ESTATE OF DECEASED HUSBAND.—Under Acts 1915, No. 159, section 1, providing that a married woman may sue and be sued as a *feme sole,* a widow may sue her deceased husband's estate in a court of law.

6.  SAME—CLAIMS AGAINST DECEASED HUSBAND'S ESTATE.—Under Acts 1915, No. 159, section 1, providing that a married woman may sue and be sued as a *feme sole,* a widow may sue her husband's estate for money advanced by her before the passage of the act, as the statute is one of procedure only.

7. WITNESSES—TRANSACTIONS WITH DECEASED.—Kirby's Digest, section 3093, relating to transactions with deceased persons, applies in all civil actions, in special as well as in ordinary proceedings, and prohibits a widow from testifying as to transactions with her deceased husband in a proceeding in the probate court against his estate, but does not prevent her from testifying as to her own means and as to the source from which she derived them.

8. EXECUTORS AND ADMINISTRATORS — CLAIM AGAINST ESTATE—EVIDENCE.—In a proceeding by a widow to establish a claim against her husband's estate, evidence *held* sufficient to warrant a finding that he borrowed money from her.

9. TRIAL — INSTRUCTIONS — WEIGHT OF EVIDENCE.—A requested instruction on the weight of the evidence was properly refused.

Appeal from Polk Circuit Court; *J. S. Lake,* Judge; reversed.

*Pole McPhetridge,* for appellant; *I. L. Awtrey* and *W. N. Martin,* of counsel.

A wife cannot sue at law her husband or his estate. She can only sue in equity unless Act No. 159, Acts 1915, be construed so as to confer the power to sue at law. Acts 1915, p. 624, No. 159, p. 624; 30 Ark. 1. While this act enlarges the rights of married women to sue and be sued, it has no reference to the rules of production of evidence. Such statutes are strictly construed. Lewis' Sutherland on Stat. Const., Vol. 2 (2 ed.), pp. 1056-8, § § 572-3. Jurisdiction cannot be created or taken away by implication except where the implication is necessary from the language and purpose of the statute. *Ib.,* § § 67-8, pp. 1050-1. Under our laws a wife cannot testify for or against her husband as to transactions and verbal contracts with her deceased husband. Kirby's Digest, § § 3092, 3095; 84 Ark. 355. The court erred in its instructions, and in allowing the wife to testify as to transactions with her deceased husband and the judgment should be reversed. This cause could not be transferred to equity and the claim of appellee should be dismissed. 70 Ark 8.

*Prickett & Pipkin,* for appellee.

No bond for costs was filed on her appeal and it should be dismissed. Appellant was not a party below and she has no right to appeal. Act 327, Acts 1909. Kirby's Digest, § 109, was complied with by appellee.

In ordinary cases at law it is true the wife could not testify, but here this is a special proceeding. 18 Cyc. 526, IV b, and cases cited. And there is ample testimony besides the wife's to prove appellee's claim. The appeal should be dismissed and case dismissed or judgment affirmed here.

HUMPHREYS, J. Appellee, widow and administratrix of the estate of Henry Maxwell, deceased, presented a claim, properly authenticated, for $500 and interest against the estate for money loaned her husband in his lifetime. She allowed the claim in her capacity as administratrix. It was then filed with the probate clerk of Polk County. The probate judge made the following indorsement on the claim: "Allowed as 4th class. 6-10-'18." A judgment, which bears no date of making or entry, was rendered by the probate court, allowing said claim as a 4th class claim. On the 9th day of October, 1918, appellant, mother and only heir of Henry Maxwell, deceased, filed a bond for costs, prayed and obtained an appeal from the judgment rendered by the probate court at its October term, 1918, pertaining to the estate of Henry Maxwell, wherein Laura Maxwell was administratrix. Before the cause was called for trial in the circuit court, appellee filed a motion to dismiss the appeal because the record did not identify the appeal as an appeal from the order of allowance made on the 10th day of June, 1918. The motion was overruled and appellee excepted. Appellant then interposed a demurrer to the claim of appellee, challenging her right to sue her deceased husband's estate, and the jurisdiction of the probate court, or the circuit court on appeal, to adjudicate the matter. The court overruled the demurrer and appellant excepted. The exception was noted of record and

saved in appellant's motion for a new trial. The cause proceeded to a hearing *de novo* in the circuit court and was submitted to a jury on the evidence adduced and instructions given by the court, upon which a verdict was returned and judgment rendered in favor of appellee for $600. From the verdict and judgment, an appeal has been duly prosecuted to this court.

A Mr. Farless, brother of appellee, testified that he resided with Henry and Laura Maxwell in 1914, at which time appellee and her husband were teaching school; that appellee was receiving $55 a month, and turned her school warrants over to her husband for the purpose of paying their debts; that Henry Maxwell told him afterwards that he owed his wife money that she had advanced to him in school warrants and that it was his intention to replace the money; that he heard Henry say nothing about the matter before he died; that he died about the 24th day of May, 1918. On cross-examination, he modified his evidence by saying that Henry paid the money on his debts.

Roy Farless, appellee's nephew, testified that he resided with Mr. and Mrs. Maxwell during the time they were teaching a nine-months' school, beginning in 1914; that Mrs. Maxwell received $55 a month for teaching and turned nine warrants, in his presence, over to her husband, Henry Maxwell; that he sold a part of his land for $800 and deposited the money in the bank in their joint names; that, about ten months before his death, Henry Maxwell told him that he intended to live on the money and that he intended to sell the balance of the land and pay Mrs. Maxwell's school money back; that he didn't know whether Mrs. Maxwell got the money deposited in the bank after her husband died.

Appellee testified, over the objection and exception of appellant, that she began teaching school on the 31st day of August, 1914, and continued for nine months at a salary of $55 per month and turned her earnings, from month to month, over to her husband, together with some money she had when they married, the total amount being

$500, for the purpose of paying his indebtedness; that he agreed at the time to pay the money back to her; that he afterwards sold a part of his land and paid some indebtedness he owed, and deposited something like $600 in the bank to their joint credit; that he told her they would live on that money, and, when he sold the other land, he would repay the school money she had advanced to him; that he never repaid it prior to his death. Appellant's exception was noted of record and saved in her motion for a new trial.

It is suggested by appellee that the judgment should be affirmed for the following reasons: First, that the order granting the appeal identifies it as an appeal from a judgment rendered at the July, 1918, term of court, and not from the allowance made on the 10th day of June, 1918; second, that the record fails to show that an affidavit for appeal was filed before the appeal was granted by the probate court; third, that no bond for costs was filed in the circuit court before the appeal to this court was granted.

(1)  It does not appear that a judgment was rendered by the court allowing appellee's claim on June 10, 1918, as suggested by appellee. The probate judge made the following indorsement on the claim as of that date: "Allowed as fourth class." The judgment allowing the claim incorporated in the transcript bears no date. The order granting the appeal refers to a judgment rendered at the July, 1918, term of court in the matter of the estate of Henry Maxwell, wherein Laura Maxwell was administratrix. In overruling the motion to dismiss the appeal, the court found and recited in its judgment that appellant had appealed as the sole heir of the estate of Henry Maxwell, deceased, from a judgment and order of the probate court of Polk County, allowing the claim of appellee, Laura Maxwell, in the sum of $622.50, against the estate of the said Henry Maxwell, deceased, which claim was, by the probate court, placed in the fourth class. It is impossible for us to know upon what evidence the court made this finding. Where the record does not affirma-

tively show that the findings of the court are contrary to it, or negatived in it, this court must presume that the findings are sustained by the evidence.

(2) If no affidavit for appeal was filed before the appeal was granted by the probate court, appellee waived the filing thereof by proceeding to trial in the circuit court without objection on that account. *Ex parte Morton,* 69 Ark. 48; *Stricklin* v. *Galloway,* 99 Ark. 56; *Wulff* v. *Davis,* 108 Ark. 291.

(3) According to the recital in the matter of the probate court granting an appeal, appellant gave a bond for costs, required by Act 327, Acts 1909. This bond bound appellant and her sureties for all costs that might accrue, either in the Polk Circuit Court or the Supreme Court of the State. It was therefore unnecessary to give an additional bond as a prerequisite to granting an appeal to the Supreme Court by the circuit court. Appellee has called our attention to the latter clause of section 1 of said act, which is as follows: "And any such heir, legatee, devisee or judgment creditor of an estate may likewise upon executing bond for costs prosecute an appeal to the Supreme Court from the circuit court." The heirs, legatees, devisees or judgment creditors referred to in this clause have reference to those who had not become parties and filed the necessary bond before the cause reached the circuit court on appeal, and not to those who had already become parties and filed the necessary bond before the appeal was granted by the probate court. Appellant insists that the trial court erred in holding that appellee had capacity to sue her deceased husband's estate in a court of law. Section 109 of Kirby's Digest provides for a special proceeding by which the probate court may allow any claim in favor of an administrator against the estate of his intestate. The statute is broad enough to include equitable demands. The language is that any demand may be established against the intestate by the administrator or executor. Even if this were not so, section 1, Act 159, Session Laws of 1915, provides that a married woman may sue and be sued as a *femme sole.*

In construing the statute, this court said in *Fitzpatrick* v. *Owens,* 124 Ark. 167, that the lawmakers "evidently meant to confer upon her (a married woman) the enjoyment of those rights and remedies, even against her husband, the same as if she were unmarried." This court said in *Holland* v. *Bond,* 125 Ark. 526, in reference to Act 159, Acts 1915, that the act "in the broadest terms enables a married woman to sue and be sued." The suggestion that the money was advanced by appellee to her husband before the passage of this act can have no effect as to her right to sue. In that respect, the statute is one of procedure, and no one has a vested right in methods of procedure.

Our construction of section 109 of Kirby's Digest, just announced, renders it unnecessary to discuss appellant's further contention that the probate court had no jurisdiction to entertain and allow the claim.

Again, appellant insists that the court erred in admitting the testimony of Laura O. Maxwell pertaining to a transaction between herself and her husband in his lifetime. Appellee, as a claimant, was not entitled to testify in reference to transactions between herself and her intestate husband in an action against herself, as administratrix. That part of appellee's evidence showing that she had money of her own when she married and that she taught school for nine months at $55 a month and received warrants in payment of her services was admissible. *Nunnally* v. *Becker,* 52 Ark. 550. That part of her evidence touching upon the transaction between herself and her husband in his lifetime was inadmissible. Kirby's Digest, section 3093; *Nunnally* v. *Becker, supra.* The statutory inhibition against the evidence applies in all civil actions, special as well as ordinary proceedings. Without considering her own evidence tending to show that she loaned her husband $500 and that he owed her that amount when he died, it can not be said that her claim was fully established by the undisputed evidence. Therefore the court committed prejudicial error in admitting that part of her evidence over the objection of

appellant. Appellee let her husband have the money in 1914-15, took no note or other evidentiary of indebtedness, received no interest and made no demand for its repayment. Her brother testified, in his direct testimony, that the money was used to pay their debts. Her brother and nephew both testified that, when her husband sold a part of the land, he deposited the money to their joint credit in.the bank. The jury could have drawn the inference from this testimony that appellee permitted her husband to so use her money that it became his own; or that, if borrowed, he repaid it.

Appellant requested a peremptory instruction upon the theory that, omitting the evidence of appellee, the evidence was insufficient to support the verdict. The evidence of appellee's brother and nephew tended to show that appellee loaned her husband $495 in monthly amounts of $55 per month, beginning in September, 1914, and that he made acknowledgment of the indebtedness ten months before his death, and expressed the intention of repaying it as soon as he sold the balance of his real estate. Upon the record made, the jury might have drawn the inference from the legal evidence that Henry Maxwell owed his wife $495 and interest at the time he died. For the reasons given, the court did not err in refusing to give the peremptory instruction requested by appellant.

Lastly, appellant contends that the court erred in refusing to give her requested instruction No. 2. The court properly refused the instruction because it charged the jury on the weight of the evidence.

For the error indicated, the judgment is reversed and the cause remanded for a new trial, unless, upon remand, the court should find that the appeal was not taken from a judgment rendered at the July, 1918, term of the probate court, allowing the claim, in which event, the court will sustain the motion to dismiss the appeal.