## DURBEN *v*. MONTGOMERY.

### Opinion delivered May 17, 1920.

1. APPEAL AND ERROR—FINAL JUDGMENTS.—Appeals lie to the Supreme Court only from final judgments of the circuit and chancery courts.

2. APPEAL AND ERROR—SUFFICIENCY OF JUDGMENT APPEALED FROM.— The sufficiency of a judgment to support an appeal depends upon its substance, and not upon its mere form, and the judgment may be shown inferentially by the language of the entry.

3. APPEAL AND ERROR—FINALITY OF JUDGMENT APPEALED FROM.—In an action on a note, an entry on record reciting the return of the verdict for plaintiff, its acceptance by the court, and the order overruling the motion for a new trial, shows a final determination, from which an appeal will lie.

Appeal from Izard Circuit Court; *J. B. Baker,* Judge; rule granted.

*Geo. T. Humphries, H. A. Northcutt* and *Oscar E. Ellis,* for appellant.

*Elbert Godwin,* for appellee.

McCULLOCH, C. J. Appellant was defendant below in this action, which was one instituted by appellee to recover the amount of a promissory note. On the trial of the issue before a jury there was a verdict rendered in favor of appellee, and appellant is attempting to prosecute an appeal to this court. He has presented a transcript, which the clerk of this court has refused to file on the ground that it contains no final judgment. A rule on the clerk is asked to compel him to file the transcript.

The entry on the record of the lower court, which is claimed to be a final judgment as certified by the clerk of that court, reads (omitting the caption) as follows:

"On this day come the parties to this cause in person and by attorney and announce themselves ready for trial. Whereupon, by order of the court, comes a jury of the regular panel for the present term of this court, composed of G. W. Newsom and eleven others, who are duly tried and empaneled as a jury to try this cause, and said jury, after hearing the evidence of witnesses, the instructions of the court and the argument of counsel, retire by order of the court to consider of their verdict, and subsequently return into court here the following verdict, towit: 'We, the jury, find for the plaintiff in the sum of $149.50. G. W. Newsom, Foreman.'

"On this day, the motion for a new trial heretofore filed by the defendants in this cause coming on to be heard upon the oral evidence introduced at the bar of the court, and the court, after hearing the evidence and argument of counsel, is of the opinion that said motion should be overruled.

"It is therefore considered, ordered and adjudged by the court that said motion be and the same is hereby overruled, and to the ruling of the court in overruling the said motion the defendants at the time saved their exceptions and ask that the same be noted of record, which is accordingly done, and the defendants also prayed an appeal to the Supreme Court, which is hereby granted and the

defendants are given ninety days in which to prepare their bill of exceptions.''

An appeal will lie to this court only from final judgments of circuit and chancery courts, and the only question presented in this motion is whether or not the entry constituted a final determination of the issue and a judgment against appellant. It will be observed that there was no formal entry of judgment for the recovery of the amount awarded by the verdict of the jury, but the single entry on the record shows that a motion for new trial was filed and that the court entered a judgment overruling the motion and granting an appeal to this court and allowing defendant ninety days in which to file his bill of exceptions.

There was a strict rule at common law with respect to the entry of judgments—the form of the judgment being one of the essentials. That rule has been considerably relaxed and a more liberal one is recognized, that the sufficiency of the judgment depends upon its substance and not upon its mere form. 1 Black on Judgments, § 115; *Melton* v. *St. L., I. M. & S. Ry. Co.*, 99 Ark. 433. Many of the modern authorities, however, still announce the rule that the judgment entry must reflect the express declarations of the court in awarding judgment. Mr. Black states the rule, in the section just quoted, ''that the form of the judgment is not very material, provided that in substance it shows distinctly and not inferentially that the matter had been determined in favor of one of the litigants, or that the rights of the parties in litigation had been adjudicated.'' Our own decisions, however, establish the rule here that the judgment may be shown inferentially by the language of the entry. For instance, after having held in many cases that the sustaining of a demurrer to a complaint without dismissing the complaint, or any further action of the court thereon, the order did not constitute a final judgment, we held that if the entry recited the fact that the plaintiff stood on his demurrer and that the costs of the case were rendered

against him it showed inferentially a final determination of the action, from which an appeal would lie. *Melton* v. *St. L., I. M. & S. Ry. Co., supra; Hall* v. *Waters,* 118 Ark. 427.

The entry in the present case recites the return of the verdict, the acceptance of it by the court and the order overruling the motion for new trial, and the formal entry of judgment would follow as a necessary consequence of the verdict, and the overruling of the motion, the omission to recite a formal judgment being a mere clerical error. The entry, taken as a whole, shows that the cause was finally ended in the circuit court, and an appeal granted to this court after the judgment overruling the motion for a new trial.

We are of the opinion therefore that the entry shows by fair and necessary inference that judgment was rendered and the entry is sufficient to give this court jurisdiction of the cause. The clerk therefore will be directed to file the transcript as of date on which it was presented to him, which was within six months of the rendition of the judgment, and to issue summons thereon as prescribed by statute.

Hart, J. (dissenting). In *State* v. *Jones,* 25 Ark. 375, a motion was made to dismiss for want of jurisdiction. The record in the circuit court recites: "The court, being advised of the matters and things arising on the motion to dismiss this case for want of jurisdiction, heretofore filed, doth sustain the motion." The record entry concludes with this recital without any final judgment upon the motion, or otherwise, and this court held it could not take cognizance of the appeal thereon.

In *Reynolds* v. *Craycraft,* 26 Ark. 468, the case was submitted to the court sitting as a jury an agreed statement of facts. The record shows that the finding of the court was for the appellee, but there was no judgment on the finding. The court held that where there is no judgment on the finding there is nothing to appeal from.

We quote from 3 Corpus Juris, p. 600, the following: "Unless allowed by express statutory provision, a writ

of error or appeal will not lie from the verdict of a jury without an entry of judgment thereon, or from the mere finding of facts or conclusions of law by the court not followed by a judgment or decree.''

We can not see the fact that the record contains an order overruling the motion for a new trial adds anything to the matter. It is true the judgment need not be technical and formal, but there must be some kind of a judgment actually rendered or made. The effective action of a court is by its decree or judgment and not by its finding of fact or the verdict of the jury.

In *Chatfield* v. *Jarratt,* 108 Ark. 523, it was held that the time for appeal to this court begins to run from the date of the rendition of the judgment and not from the date of the entry thereof. We think that opinion is wrong and should be overruled. The opinion of the court is based upon the reasoning in *Ex parte Morton,* 69 Ark. 48, where the court was dealing with an appeal from the county court to the circuit court. There the court held that the time for taking the appeal ran from the rendition of the judgment and not the entry thereof. The reason given was that it was not absolutely essential under the statute providing for appeals from judgments of the county court to the circuit court that the judgment should be entered of record before an appeal is taken. It was recognized, however, in *Chatfield* v. *Jarratt, supra,* that it is necessary to present to this court a transcript of the judgment or decree appealed from in order to give the court jurisdiction and that this can not be done until the judgment is entered of record. So it will be seen there is a wide difference in the two statutes. If the existence in the record of the final judgment is a jurisdictional fact, without which an appeal can not be entertained by this court, it is manifest that an appeal should not lie unless such a judgment or decree in the court below has been actually entered or made, and appears on the record. 3 C. J. 597.

In Elliott on Appellate Procedure, § 118, the learned author said: ''The general rule is that there must be

an entry of judgment before an appeal can be taken, and it must follow that until the judgment is entered the time within which an appeal must be taken does not begin to run. As an appeal taken before an entry of judgment is premature, it may be dismissed on motion. There is some conflict in the adjudged cases, but the decided weight of authority supports the rule we have stated. It seems clear upon principle that the rule stated must be the correct one, for until there is an entry of judgment there is no authentic record evidence of a final disposition of the case, and that there is a final judgment must, as a general rule, appear from the record.''

Again in section 119 the learned author said: ''The right to appeal, as a general rule, dates from the time that a complete judgment is rendered and recorded. This rule is the true one since as long as there is no final judgment it is within the power of the trial court to change its rulings, and as long as this power exists the case must be within the jurisdiction of the lower court. A case can, as a general rule, only pass from the jurisdiction of the court of original jurisdiction by a final judgment.''

This rule is certainly supported by considerations of justice and equity. The time for taking appeals to this court has been fixed by the Legislature at six months. Under our statute our circuit courts and chancery courts meet every six months. It is evident therefore that if the time for taking an appeal dates from the rendition of the judgment strictly without regard to its entry of record, and if this court can not acquire jurisdiction without a copy of the judgment of the court below, it is manifest that oftentimes by the fault of the court below, or its officer, in neglecting to have the judgment entered of record before the court adjounrned, an aggrieved party might lose his right of appeal without fault on his part. We believe that the decision in *Chatfield* v. *Jarratt, supra,* is based on a wrong reasoning and for the reasons given above should be overruled. We are of the opinion that the judgment

should be a matter of record in order to limit the time for appeal.

Because there was no judgment entered of record in the present case, we think the appeal was premature and should not have been granted. Therefore, Judge SMITH and the writer respectfully dissent from the opinion of the court.