## Hord *v.* Manners.

Opinion delivered October 22, 1928.

64

*George M. Chapline,* for appellant.

*J. E. Ray* and *M. F. Elms,* for appellee.

HART, C. J., (after stating the facts). The judgment of the circuit court overruling the plea of *res judicata* of appellant was correct. Under our statute, an executor or administrator may establish his demand against his testator or intestate by presenting and proving the same to the satisfaction of the court. Crawford & Moses' Digest, § 96; *Free* v. *Maxwell,* 138 Ark. 489, 212 S. W. 325; and *Smith* v. *Mullen,* 169 Ark. 944, 277 S. W. 44. After the probate court allowed the claim of the executor, two of the legatees under the will were duly granted an appeal to the circuit court, under § 2258 of Crawford & Moses' Digest. The legatees filed a bond for costs, as prescribed in the section, but did not file a supersedeas bond, as provided in § 2259. Consequently the judgment of allowance in favor of the executor was not superseded. Section 2260 provides that an appeal may be taken without supersedeas. After the appeal had been granted by the probate court, the

legatees filed an application in the probate court to require the executor to distribute the funds on hand. The order of distribution was made, and the executor distributed the amount which he admitted to be due to the legatees under the order of distribution made by the probate court. Appellees were paid, and signed receipts for their part under the order of distribution. It is plain that they should not be barred of their right of appeal from the judgment of allowance in favor of the executor because they did this. We do not think they should be barred for two reasons.

In the first place, appellees prosecuted their appeal to the circuit court from a judgment of allowance in favor of the executor, but did not file a supersedeas bond. They had the right to appeal without a supersedeas; but, while the appeal was pending, they had no right to have the allowance in favor of the executor distributed to them. The order of distribution properly recited the amount in the hands of the executor, and also showed the amount claimed to be due him by the estate; and, inasmuch as appellees prosecuted the appeal from the order of allowance in favor of the executor without a supersedeas, the receipt by them of the amount admitted to be due could in no sense affect their right of appeal. If they had a right to appeal without a supersedeas, they would certainly have the right to receive that portion of the estate which the executor admitted to be due them, and this is all they received under the order of distribution. *Gate City Building & Loan Assn.* v. *Frisby,* 177 Ark. 252, 6 S. W. (2d) 537.

In the second place, when the executor answered the petition of appellees for the order of distribution, he reported to the probate court that there were several matters affecting the estate pending upon appeal in the courts, and for that reason he could not make a final order of distribution. It is true that he claimed in his account current that he had paid himself $1,500 allowed him by the probate court. This was in the application of the common-law rule that, if a creditor becomes exe-

cutor or administrator of his debtor's estate, he may retain so much of the assets in his hands as may pay his debt. 24 C. J. 436, par. 1193; and 11 R. C. L. 203, § 227. The order of distribution must be considered in connection with the report or account filed by the executor, and, when this is done, it is evident that the order of distribution was that the executor should distribute that part of the estate which he admitted was ready to be distributed. The approval of the account in the form in which it was presented could in no sense be an adjudication and settlement of his $1,500 claim, which was then pending in the circuit court upon appeal from the judgment of allowance made by the probate court in a proceeding instituted by the executor under the statute for that purpose.

It follows that the circuit court was right in overruling the plea of *res judicata* of appellant.

The case on the merits was tried by a jury on conflicting evidence. There was no error in the admission of testimony or in instructing the jury. There was a verdict and judgment for appellees, and no reversible error was committed by the trial court. Therefore the judgment will be affirmed.