HAYES *v.* WHYTE.

4-4587

Opinion delivered April 5, 1937.

*U. J. Cone,* for appellant.

*E. W. Brockman,* for appellee.

McHANEY, J. Appellant became indebted to the late Senator Creed Caldwell of Pine Bluff, Arkansas, on January 5, 1931, in the sum of $400, evidenced by one promissory note which became due and payable on October 15, 1931, with interest at 10 per cent. from date until paid, and secured by a deed of trust on certain real estate in Jefferson county, Arkansas, in which appellee, C. L. Whyte, was the trustee. On January 6, 1934, action was commenced in the Jefferson chancery court in which C. L. Whyte, trustee, and Creed Caldwell were the plaintiffs and appellant was the defendant, to foreclose said deed of trust in satisfaction of said indebtedness. Service was had on the same day, but appellant made default and on the 23rd day of April, during the first three days of that term of court, a decree was rendered against appellant in the sum of $400 with interest and costs, which was declared a lien on the property covered by the deed of trust, and it was provided therein that unless said judgment was paid within ninety days, said property be sold by the commissioner therein appointed. No sale was had as provided in the decree and no appeal was taken by appellant in this action therefrom, which judgment became final six months after April 23, 1934. Thereafter, on December 11, 1934, Senator Creed Caldwell died intestate, and on the 28th day of the same month, C. L. Whyte was appointed administrator of his estate, and thereafter on January 23, 1936, he filed a motion praying that he, as original plaintiff, trustee, and as administrator, be authorized to proceed to enforce said decree, which was granted on the same day, and the commissioner was directed to make sale of the property as decreed, which was done, and the property purchased by the administrator for the benefit of said estate. The sale was reported to the court, and when the matter came on for confirmation, appellant filed an affidavit resisting confirmation on the ground that the action had not been

revived within one year from the date of the death of Senator Caldwell. The court overruled appellant's motion resisting confirmation, confirmed the sale, and the case is here on appeal.

We think the court correctly overruled appellant's motion and confirmed the sale. The original decree was rendered on April 23, 1934, on personal service, and the time for appeal expired on October 23, 1934, at which time the judgment became final and at that time, Senator Creed Caldwell was still alive. No appeal was taken from the decree and no motion made to set it aside on the grounds provided by statute. The judgment having become final during the lifetime of Senator Caldwell, there was no necessity for a revivor of the action, and no authority existed in the chancery court so to do. The sections of Crawford & Moses' Digest, cited and relied on by appellant, being §§ 6239, 1058, 1066 and 1067, have no application under the facts in this case as they apply to pending actions which have not been terminated by judgment or decree. Section 6308 of Crawford & Moses' Digest covers the situation here under consideration. It provides: ''If one or more plaintiffs in a judgment or decree die before the same is satisfied or carried into effect, the judgment or decree, if for money or concerning personal property, shall survive to the executors or administrators of such deceased party, and, if concerning real estate, to his heirs and devisees.'' And § 6309 providing how execution is to run. In *Chatfield* v. *Jarratt*, 108 Ark. 523, 158 S. W. 146, this court held, to quote a syllabus: ''When a plaintiff who succeeded in the litigation died before the entry of the judgment, the chancery court had no jurisdiction to revive the cause, but those who succeeded to the rights of the plaintiff had the right to move the court to make an order for the entry of the judgment as of the true date of its rendition.'' It was held in the same case that the procedure to be followed by the losing party was to appeal within the time provided by law and move, in the Supreme Court, for a revivor. There could be no necessity for a revivor in the chancery court because the litigation has been terminated

by judgment or decree which became final. Had the appellant appealed to this court within the time provided by law, the procedure would have been to move in this court for a revivor. Not having done so, all that was left to do in the chancery court was to enforce the decree which could have been done by C. L. Whyte, trustee, one of the original parties to the action, and as administrator, or by the heirs at law of Creed Caldwell.

We find no error, and the decree is accordingly affirmed.